IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JANIS SPENCER MURRAY, et al.,

    Plaintiffs,

vs.                                                                                                                              Civ. No. 09-1150 WJ/RHS

BOB BURT, et al.,

    Defendants.

**REPORT AND RECOMMENDATION REGARDING DEFENDANTS'
MOTION TO RELEASE MONEY HELD IN THE COURT REGISTRY**

**THIS MATTER** comes before the undersigned in consideration of the Motion and Memorandum of Defendants/Counter-Claimants Bob Burt and Darian Burt to Release Money Held in the Court Registry ("Motion to Release"), filed April 1, 2010 **[Doc. 53]** and the District Court's Order of Reference of Motion in Civil Case, filed April 2, 2010 **[Doc. 56]**. Plaintiffs filed a response in opposition to the Motion to Release and Defendants filed a reply in support of the Motion to Release. (See **[Docs. 60, 61]**). Having reviewed the parties' submittals, the relevant authorities and being otherwise advised in the premises, the Court finds that Defendants' Motion to Release is well-taken and recommends that it be granted.

*Discussion*

In their Motion to Release, Defendants point to evidence showing that pursuant to Plaintiffs' own accounting as of 12-15-2009, Plaintiffs owe $237,727 as a "Total Due To Burt."

(Ex. A, attached to Motion to Release).[1]  Defendants argue that the funds in the Court Registry should be released to them because Plaintiffs do not allege or establish any right, ownership or claim to the $237,727.

In their response, Plaintiffs do not deny that they owe $237,727 to Defendants pursuant to their own accounting; nor do Plaintiffs seek to avoid or set aside the contract.[2]  Rather, Plaintiffs contend that they have claimed an interest in the Court Registry funds by alleging that "if Defendants' interpretation of the contract is correct, then Defendants . . . presently owe a portion of the . . . [registry funds] to Plaintiffs."[3]  (Plaintiff's Response in Opposition to Motion to Release ("Response") at 2, filed Apr. 19, 2010 **[Doc. 60]** (citing Motion to Deposit at ¶ 7)).  Thus, Plaintiffs' claimed interest is contingent on a determination that Defendants "owe Plaintiffs an amount equal to 10% of the stud fees earned from the [Defendants' alleged] sale of frozen semen."  (Motion to Deposit at 3 ¶ 11).  Defendants' alleged sale of frozen semen is a separate issue from Plaintiffs' accounting of stud fees for 2009.  Consequently, Plaintiffs' argument contemplates holding the registry funds as a potential "set-off" in the event that Defendants are ultimately found to owe money to Plaintiffs from Defendants' alleged sale of

---

[1]This is the same amount deposited in the Court Registry by Plaintiffs.  (See Order to Deposit Funds into Court Registry, filed Dec. 30, 2009 **[Doc. 11]**).

[2]Plaintiffs' claims are distinguished in this respect from those of the plaintiff in Gulf States Utilities, Co. v. Alabama Power Co., 824 F.2d 1465 (5th Cir. 1987), who claimed "that its contracts should be set aside . . . and that it does not owe [defendant] the deposited money."  Id. at 1475.

[3]Plaintiffs concede that if their interpretation of the agreement prevails "then Plaintiffs have no interest in the" Court Registry funds.  (Rule 67 Motion for Leave to Deposit Funds into Court Registry ("Motion to Deposit") at 2 ¶ 7, filed Dec. 15, 2009 **[Doc. 7]**).

frozen semen.  Under such an argument, Plaintiffs have no presently vested ownership interest in the money in the Court Registry.

Plaintiffs point to the Court's previous order finding that a genuine dispute exists regarding the parties' interest in the funds and directing the deposit of funds into the Court Registry.  However, the Court entered its *ex parte* order based solely on the allegations set forth in Plaintiffs' motion and without the benefit of evidence and argument presented by Defendants.  Having considered all of the parties' submittals, the Court finds that the funds currently held in the Court Registry are not in dispute.  Nor is the Court persuaded by Plaintiffs' argument that "Defendants' motion is premature because the Court has not yet adjudicated the amounts that are due and owing by and between the parties." (Response at 1).  Under the circumstances of this case, neither Rule 67 nor 28 U.S.C. § 2042 requires an "adjudication" of the Court Registry funds prior to entry of a court order directing the release of such funds.

*Conclusion*

"Rule 67 was intended to apply only to a fund that is in dispute."  Baxter v. United Forest Products Co., Inc., 406 F.2d 1120, 1126 (8th Cir. 1969) (citing United States v. Balfour, Guthrie & Co., 192 F.Supp. 60 (S.D.N.Y. 1961)).  Here,  Plaintiffs' own accounting indicates that the funds held in the Court Registry are owed to Defendants.  Plaintiffs fail to establish an interest in the Court Registry funds, nor do they identify any persons or entities other than Defendants who have an interest in the funds.  Accordingly, the Court finds that the funds in the Court Registry are not in dispute and recommends that they be released to Defendants.

**WHEREFORE**,

**IT IS RESPECTFULLY RECOMMENDED** that the Motion and Memorandum of Defendants/Counter-Claimants Bob Burt and Darian Burt to Release Money Held in the Court

Registry **[Doc. 53]** be **granted** and the Clerk of Court be directed to release to the Burt Defendants the $237,727.00 deposited in the Court Registry plus all interest accrued thereon. It is further recommended that the parties bear their own costs and attorney fees with respect to the motion.

    Timely objections to this report and recommendation may be made pursuant to 28 U.S.C. § 636(b)(1)(C).

*Robert Hayes Scott*
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE