# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JANIS SPENCER MURRAY and
MAC MURRAY,

      Plaintiffs/Counter-Defendants,

     v.                                                No. 09-cv-1150-WJ/RHS

BOB BURT, DARIAN BURT,
Defendants/Counter-Claimants.
and
SELECT BREEDERS SOUTHWEST,
and SMART RANCHES,

      Defendants.

## MEMORANDUM OPINION AND ORDER OVERRULING OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS, AND ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS

      THIS MATTER comes before the Court upon Plaintiffs' Objections to Magistrate Judge's Report and Recommendation Regarding Defendants' Motion to Release Money Held in the Court Registry, filed June 1, 2010 **(Doc. 72)**.  Defendants have filed a response to the objections.[1]  Having considered the parties' briefs and the applicable law, I find that Plaintiff's objections are overruled and hereby adopt the Magistrate Judge's recommendation that Defendants' motion to Release Money Held in the Court Registry be granted.

## Background

      On February 30, 2009, the Court granted Plaintiffs' Motion to Deposit Funds in the Court

---

[1] No reply has been filed.

Registry.  Doc. 11.[2]  Defendants filed a motion to release those funds (Doc. 53), and the undersigned referred the motion to the Magistrate Judge, Judge Robert H. Scott, to recommend to the Court an ultimate disposition of that motion (Doc. 56). Judge Scott entered a Report and Recommendation ("R&R") recommending that Defendants' motion be granted and that the Clerk of Court be directed to release to the Burt Defendants the amount of $237,727.00 which had been deposited in the Court Registry, including all interest accrued.  Doc. 65. Plaintiffs object to the R&R on the ground that Judge Scott failed to consider the claim for Attachment of the funds set forth in Plaintiffs' proposed Amended Complaint.

## Discussion

**I.     Legal Standard**

Plaintiffs assume, incorrectly, that the standard of review for a magistrate judge's recommended findings is set out in 28 U.S.C. § 636(b)(1)(C), which calls for a *de novo* review. The question is whether Judge Scott's R&R decided a pretrial matter described in 636(a)(b)(1)(A), or rather those particular pretrial matters which are *excepted* in subsection (A) (motion for injunctive relief, judgment on the pleadings, for summary judgment, etc).  For the latter category, the standard of review is *de novo* (see 636(b)(1)(B) and (C), noting that *de novo* review is appropriate for matters addressed by a magistrate judge which have been "excepted in subparagraph (A)").  However, remaining matters under subsection (A) are conducted under a less stringent standard: the court may reconsider "any pretrial matter . . . where it has been

---

[2] The Order was obtained *ex parte*.  Plaintiffs' motion to deposit funds in the Court Registry was premised on Rule 67(a) of the Federal Rules of Civil Procedure, which provides: "If any part of the relief sought is a money judgment or the disposition of a sum of money or some other deliverable thing, a party—on notice to every other party and by leave of court—may deposit with the court all or part of the money or thing, whether or not that party claims any of it."

shown that the magistrate judge's order is clearly erroneous or contrary to law."  Further, under Rule 72 of the Federal Rules of Civil Procedures governing a magistrate judge's order on nondispositive matters, the district judge "must consider timely objections and modify or set aside any part of the order that is *clearly erroneous or is contrary to law*." Rule 72(a) (emphasis added).  The matter at issue here does not concern the merits of any claims, nor is it dispositive of any of the claims at issue in this case. Therefore, the proper standard for review is 636(a)(b)(1)(A), and not subsection (C), as Plaintiffs would have it, and Judge Scott's recommendation will be adopted unless the Court finds it is either clearly erroneous or contrary to law.  *See Parts & Elec. Motors, Inc. v. Sterling Elec., Inc*., 866 F.2d 228, 233 (7th Cir. 1988) (stating that "a decision, to be found erroneous, 'must strike us as more than just maybe or probably wrong; it must ... strike us as wrong with the force of a five-week-old, unrefrigerated dead fish.'").

## II.     Review of Magistrate Judge's Report and Recommendation

The R&R noted that Plaintiff did not deny that they owe $237,727 to Defendants as the balance due to the Burts for the remainder of the Burts' share of *Dash Ta Fames*' stud fees for 2009.  Plaintiffs, however, claimed an interest in the Court Registry funds based on their assertion that the Burts owe them an amount equal to 10% of the stud fees earned from Defendants' alleged sale of *Dash Ta Fames*' frozen semen.  Judge Scott determined that Defendants' alleged sale of frozen semen is a separate issue from Plaintiffs' accounting of stud fees for 2009 and as a result, Plaintiffs have no presently vested ownership interest in the money in the Court Registry. He specifically found that "Plaintiffs fail to establish an interest in the Court Registry funds, nor do they identify any persons or entities other than Defendants who have an interest in the funds."  Doc. 65 at 3.

Plaintiffs argue that Judge Scott failed to consider Defendants' argument presented in their motion to release the Court Registry funds, namely, that Plaintiffs had obtained what was in effect a pre-judgment attachment of their property without following the necessary procedures for obtaining such attachment.  However, this argument has no merit.  The basis for the Magistrate Judge's recommendation was that Plaintiffs have no interest in the money and that it was therefore improper for Plaintiffs to use Rule 67 to cause the money to be placed in the Court Registry.  Thus, there was no need for the Magistrate Judge to have addressed Defendants' alternative argument that Plaintiffs had obtained a pre-judgment attachment of their property.

I find no error in Judge Scott's distinguishing the instant case from the situation in *Gulf States Util. Co. v. Alabama Power Co*., 824 F.2d 1465 (5th Cir).  The R&R noted that, unlike the plaintiff in *Gulf States*, Plaintiffs here have no desire to set aside the contract with the Burts.  Plaintiffs offer nothing in their objections which would persuade me to modify Judge Scott's findings on this issue.  I disagree with Plaintiffs' contention that, because the *Gulf States* plaintiff continued to deposit payments allegedly due to defendant with the court, the holding in that case did not turn on the fact that plaintiff sought to avoid the contract.  The amount of funds which the *Gulf States* plaintiff was allowed to deposit into the court registry does not change the reason why the funds were deposited into the registry in the first place: the *Gulf States* plaintiff contended that it did not owe defendant the deposited money.  Thus, as the court noted, "the funds genuinely are in dispute."  *Gulf States*, 824 F.2d at 1475.  Here, Plaintiffs do not object to the findings in the R&R, or otherwise deny, that they owe Defendants $237,727 "pursuant to their own accounting, nor do Plaintiffs seek to avoid or set aside the contract." Doc. 65 at 2.

Plaintiffs also object to Judge Scott's failure to consider a claim asserted in Plaintiffs' proposed Amended Complaint that Bob Burt breached the 2009 Agreement between the parties

4

by refusing to provide 14 breeder certificates to Plaintiffs, and by failing to split all stallion awards 50/50 with Plaintiffs.[3]  This argument can be summarily rejected.  This argument was not raised in the underlying pleadings related to the request to release the Court Registry Funds and thus were not addressed by the Magistrate Judge.  Because this argument was not raised for Judge Scott to consider, there is no basis to find that Judge Scott should have considered the argument.  In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived. *See Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir.1996); *United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir.2001).  Further, this argument would have no merit even if it had been addressed by the Court.[4]  Regardless of the number of claims, or type of claims asserted against the Burts, the nature of the funds deposited into the Court Registry does not change: it represents the sum of money Plaintiffs have conceded is the balance due the Burts for *Dash Ta Fame's* stud fees for 2009.

Finally, Plaintiffs note that their claim for damages is for an amount more than what is currently on deposit with the Court.  They fear that the Burts will dissipate any funds received from the Court Registry, prior to a judgment being entered in this case.  Whether or not Plaintiffs' apprehension is justified, it has no part in the analysis on whether the Court Registry funds should be released, in light of Plaintiffs' concession that they owe the Burts that amount of money.

The Court agrees with Defendants' estimation of Plaintiffs' objections – that it is an

---

[3] The Court has not yet ruled on Plaintiffs' fully briefed Motion to Amend/Correct Complaint, Doc. 63.  Solely for purposes of ruling on the parties' objections to the Magistrate Judge's R&R, the Court considers the added claim as though the motion to amend were granted.

[4] The Court acknowledges that its comments on this argument are tantamount to a *de novo* review, but passes on them to achieve a finality on these issues.

effort to obtain money which Plaintiffs' *might* be owed on the merits, prior to a trial on the merits. None of Plaintiffs' objections convince the Court that Judge Scott's report and recommendations should be modified, as they are neither clearly erroneous nor contrary to law; and these objections are OVERRULED.

**THEREFORE,**

**IT IS ORDERED** that the Magistrate Judge's Report and Recommendation be ADOPTED in that Defendants' Motion to Release Money Held in the Court Registry **(Doc. 72)** is hereby GRANTED, and that the Clerk of Court be directed to release to the Burt Defendants the $237,727.00 deposited in the Court Registry plus all interest accrued thereon. It is further ordered that the parties bear their own costs and attorney fees with respect to the underlying motion.

UNITED STATES DISTRICT JUDGE