## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

———————————

JANIS SPENCER MURRAY and
MAC MURRAY,

        Plaintiffs/Counter-Defendants,

        v.                                No. 09-cv-1150-WJ/RHS

BOB BURT, DARIAN BURT,
Defendants/Counter-Claimants.
and
SELECT BREEDERS SOUTHWEST,
and SMART RANCHES,

        Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO AMEND COMPLAINT

THIS MATTER comes before the Court upon Plaintiffs' Motion for Leave to Amend Complaint, filed April 28, 2010 (**Doc. 63**).  Having considered the parties' briefs and the applicable law, the Court grants Plaintiffs' motion for all of the amendments except for Count XII in the proposed amendment complaint.

### Background

Plaintiffs seek to amend their complaint pursuant to Fed. R. Civ. P. 15(a) to add the following claims: Breach of 2009 Breeding Season Agreement (Count IV); Promissory Estoppel (Count V);  Negligent Misrepresentation (Count VI); Violation of the New Mexico Unfair Trade Practices Act (Count VII); and Attachment (Count XII).  Defendant Smart Ranches does not oppose this motion.  Defendants Bob Burt and Darian Burt ("Burt Defendants" or "Defendants" for purposes of this Order) did not respond to Plaintiffs' request for concurrence in this motion, but did file a response opposing the motion.

**Discussion**

**I.      Legal Standard**

Under Rule 15 of the Federal Rules of Civil Procedure, a party may amend its pleading as a matter of course before being served with a responsive pleading.  Otherwise, a party "may amend its pleading only with the opposing party's written consent or the court's leave."  Rule 15(a)(2).  The grant or denial of leave to amend under Fed.R.Civ.P. 15(a) is a matter within the discretion of the trial court.  *Zenith Radio Corp. v. Hazeltine Research, Inc*., 401 U.S. 321, 330 (1971); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Although leave to amend is generally freely granted, it will not be permitted where the proposed amendment will be futile, or where the request is untimely and unduly prejudicial to the opposing part.  *Castleglen, Inc., et al. v. R.T.C.*, 984 F.2d 1571 (10th Cir. 1993).

**II.     Amendments to Complaint**

The original complaint listed the following Counts:

| | |
|---|---|
| Count I: | Breach of Contract for Failure to Renew Breeding Season Agreement (as to the Burt Defendants) |
| Count II: | Breach of Contract for Failure to Pay Income Received from Sources Other Than Defendant Smart Ranches for the 2010 Breeding Season (Bob and Darian Burt) |
| Count III: | Request for Preliminary and Permanent Injunctive Relief for Breach of Contract in Connection with Frozen Semen (Burts, Select Breeders SW ("SBS"), Smart Ranches) |
| Count IV: | Breach of the Covenant of Good Faith and Fair Dealing (Bob Burt) |
| Count V: | Declaratory Judgment (Bob Burt) |
| Count VI: | Tortious Interference with Contractual Relations (Burts) |
| Count VII: | Constructive Trust (Bob Burt, SBS, Smart Ranches) |

The proposed amended complaint includes the following claims:

| | |
|---|---|
| Count I: | Breach of Contract for Failure to Renew Breeding Season Agreement (Burts) |
| Count II: | Breach of Contract for Failure to Pay Plaintiff her 10% Owner's Share of Income Received by Defendants from Whatever Source Derived (Burts) |
| Count III: | Breach of the Covenant of Good Faith and Fair Dealing (Bob Burt) |
| Count IV: | Breach of 2009 Breeding Season Agreement (Bob Burt) |
| Count V: | Promissory Estoppel |
| Count VI: | Negligent Misrepresentation (Bob Burt) |

| | |
|---|---|
| Count VII: | Violation of the NM Unfair Trade Practices Act (Bob Burt) |
| Count VIII: | Request for Preliminary and Permanent Injunctive Relief for Breach of Contract in Connection with Frozen Semen (Burts, Select Breeders SW, Smart Ranches) |
| Count IX: | Declaratory Judgment (Bob Burt) |
| Count X: | Tortious Interference with Contractual Relations (Burts) |
| Count XI: | Constructive Trust (Bob Burt, SBS, Smart Ranches) |
| Count XII: | Attachment (Bob Burt) |

Thus, the "new" proposed amendments are contained in Counts IV, V, VI, VII, and XII.[1]

Defendants contend that Plaintiffs have not provided sufficient grounds for amending the complaint, and also contend that two of the proposed amendments (Counts VII and XII) are futile.

## I.   Sufficiency of Grounds for Motion to Amend

Defendants rely on Fed.R.Civ.P. Rule 7(b)(1)(B) and D.N.M.LR-Civ. 7.1(a), both of which require that a movant state the grounds and requested relief with particularity, and contend that Plaintiffs have not complied with those requirements. I find that Plaintiffs have done so. The proposed amended complaint consists of 24 pages and 160 paragraphs, containing numerous factual assertions as to each of the additional Counts.  Further, Plaintiffs have stated in their motion that they seek to amend the complaint to "clarify the facts and theories upon which the original counts in the complaint are based." Mot., ¶ 2.

Nothing more is needed under Rule 15, which states that a court "should freely give leave when justice so requires." Rule 15(a)(2).  The remaining burden is on Defendants to show why the motion should *not* be granted, such as where the proposed amendments would be futile, or where the request is untimely and unduly prejudicial to the opposing party. *See Foman v. Davis*,

---

[1] The Counts have been renumbered in the proposed amended complaint: Counts I and II in the proposed amended complaint remain substantially the same as Counts I and II in the original complaint; the proposed Count III is the same as the original Count IV; Count VIII is similar to the original Count III; Count IX is similar to the original Count V; Count X is similar to the original Count VI; and Count XI is similar to the original Count VII.

371 U.S. 178, 182 (1962); *Hom v. Squire*, 81 F.3d 969, 973 (10th Cir. 1996); *see also Martin's*

*Herend Imports, Inc. v. Diamond & Gen Trading United States of America Co.,* 195 F.3d 765,

770 (5th Cir. 1999) (Rule 15(a) "evinces a bias in favor of granting leave to amend.").

      As Plaintiffs note, the Burt Defendants do not argue futility for any of the proposed

amendments except for VII and XII (New Mexico Unfair Practices Act and new claim for

Attachment, respectively).  Thus, the Court grants Plaintiffs' motion as to all the proposed

amendments except for Counts VII and XII, which the Court turns to next.

**II.     Futility of Amendments**

      Defendants contend that Count VII, an assertion of a violation of the New Mexico Unfair

Trade Practices Act, and Count XII, a claim for Attachment, are both futile.

A.     <u>Count VII – New Mexico Unfair Practices Act ("UPA")</u>

      Defendants contend that Count VII does not sufficiently allege a violation of NMSA

1979, § 57-12-2(D) of the New Mexico Unfair Practices Act ("UPA"), which "contemplates a

plaintiff who seeks or acquires goods or services and a defendant who provides goods or

services." *Santa Fe Customs Shutters v. Home Depot*, 113 P.2d 347 (N.M. App. 2005), *cert*

*denied* (2005).  A claim under the UPA must allege that the defendants "sell, lease, rent or loan

goods or services *or* are engaged in 'trade' or 'commerce' as defined in Section 57-12-2.  *Saylor*

*v. Valles*, 437, 63 P.3d 1152, 1157 (N.M. App.,2002) (emphasis added).  Section 57-12-2(C)

defines "trade" or "commerce" as "the . . . offering for sale or distribution of any services and

any property and any other article, commodity or thing of value. . . ."

      Defendants argue that Count VII in the proposed amended complaint does not

sufficiently allege that Plaintiffs are consumers or that they bought goods or services from Bob

Burt, and thus amending the complaint to include Count VII would be futile.  The Court rejects

this argument. The complaint contains specific allegations which establish that the Burt

Defendants have been engaged in trade and commerce related to *Dash Ta Fame*; that Plaintiffs operated a horse breeding facility; that the Burt Defendants sold Plaintiff Janis Murray ("Dr. Murray") a 10% interest in the horse for $40,000; and that the parties entered into an agreement concerning the collection, freezing and storing and subsequent selling of the horse's frozen semen. *See, e.g.,* Ex. A, ¶¶ 18, 19-24, 29 and 39. Thus, the Burt Defendants were engaged in "trade" or "commerce" when they offered to sell an interest in *Dash Ta Fame*, which is considered a "thing of value" and a "good" under the UPA. *See O'Shea v. Hatch*, 640 P.2d 515 (N.M.App., 1982) (analyzing dispute involving quarter horse under Uniform Commercial Code).

The facts alleged in the proposed amended complaint line up with the elements of a claim for a UPA violation. The UPA states in relevant part:

> "unfair or deceptive trade practice" means an act specifically declared unlawful pursuant to the Unfair Practices Act, a false or misleading oral or written statement, visual description or other representation of any kind knowingly made in connection with the sale, lease, rental or loan of goods or services or in the extension of credit or in the collection of debts by a person in the regular course of the person's trade or commerce, that may, tends to or does deceive or mislead any person . . . .

Section 57-12-2(D). To show a violation of the UPA, a plaintiff must prove four elements: (I) "an 'oral or written statement, visual description or other representation . . .' that was either false or misleading"; (ii) that "the false or misleading representation must have been 'knowingly made in connection with the sale, lease, rental or loan of goods or services in the extension of credit or . . . collection of debts' "; (iii) that the representation "must have occurred in the regular course of the representers['] trade or commerce"; and (iv) that the "representation must have been of the type that 'may, tends to or does, deceive or mislead any person.' " *Carl Kelley Const. LLC v. Danco Technologies*, 656 F.Supp.2d 1323, 1347 (D.N.M.,2009) (citing *Ashlock v. Sunwest Bank of Roswell, N.A.*, 107 N.M. 100, 101, 753 P.2d 346, 347 (1988), *overruled on other grounds by*

*Gonzales v. Surgidev Corp.*, 120 N.M. 133, 899 P.2d 576 (1995) (quoting N.M.S.A.1978 §

57-12-2(D)).

The proposed amended complaint satisfies the above elements in alleging that the Burt

Defendants made false and/or misleading statements to Plaintiffs, for example: telling Dr.

Murray that she would be able to breed the horse at her facility during the breeding season; and

informing Plaintiffs that *Dash Ta Fame* would be transferred to Smart Ranches in 2009 for

purposes of collecting and storing its semen during the non-breeding season, while having no

intention of doing so (Prop. Am. Compl., ¶¶ 104(a), (b)).  As Plaintiffs point out, the first

misrepresentation was made "in connection with the sale" of *Dash Ta Fame*, and the second was

made "in connection with the . . . loan of goods," that is, the loan of *Dash Ta Fame* to Smart

Ranches.

Defendants also argue that Plaintiffs have not alleged that they are consumers and thus

lack standing to bring a UPA claim.  Resp. at 4. Plaintiffs contend that there is nothing in the

language of the UPA that limits the statute to consumers, but the Court agrees with Defendants'

position that only "consumers" have standing to sue under the UPA.  This position is consistent

with the holding of the New Mexico Court of Appeals on this issue:

> Consistent with its purpose as consumer protection legislation, *Ashlock v. Sunwest Bank*, 107 N.M. 100, 102, 753 P.2d 346, 348 (1988); *overruled on other grounds by Gonzales v. Surgidev Corp.*, 120 N.M. 133, 899 P.2d 576 (1995), the UPA gives standing only to buyers of goods or services. *See Channel Cos. v. Britton*, 167 N.J.Super. 417, 400 A.2d 1221 (1979) (construing New Jersey Consumer Fraud Act and observing that " [t]he legislative concern was the victimized consumer, not the occasionally victimized seller").

*Santa Fe Custom Shutters & Doors, Inc. v. Home Depot U.S.A., Inc.*, 113 P.3d 347, 353

(N.M.App.,2005).[2]  On the other hand, Defendants offer no legal basis to find that Plaintiffs are

_____

[2]   *See Diversey Corp. v. Chem- Source Corp.*, 965 P.2d 332 (N.M. App. 1998) ("The gravemen of an unfair trade practice is a misleading, false or deceptive statement made

not consumers.  The proposed amended complaint alleges that Plaintiffs purchased a 10%

interest in *Dash Ta Fame* from the Burt Defendants.  With the purchase allegedly came the

understanding, based on the Burt Defendants' representations, that *Dash Ta Fame* would stand

each breeding season at Plaintiffs' farm.  As a purchaser of an interest in the horse, Dr. Murray

would appear to meet the definition of "consumer."  Plaintiffs suggest that even a purchase for

business purposes can state a claim under the UPA.  *See Jones v. General Motors Corp.*, 124

N.M. 606, 953 P.2d 1104, 1108 (N.M. App. 1998) ("The UPA does not limit coverage according

to the use of the product"); *see also* NMSA § 57-12-10(B) (stating that the UPA provides a right

of action for "[a]ny person who suffers any loss of money or property" as a result of an unfair

trade practice). While their stance on the black letter law is correct, Defendants do not otherwise

offer any legal argument as to why Plaintiff's transaction in buying a portion of an interest in

*Dash Ta Fame* does not qualify as a purchase under the UPA.  Accordingly, the proposed

amended complaint sufficiently alleges a claim under the UPA.

B.    Count XII– Attachment

Count XII is a claim for attachment regarding funds which were previously placed into

the Court's registry pending ruling on a contractual dispute between the parties.  Here, the Court

agrees with Defendants that amending the complaint to include Count XII would be futile. The

Court recently adopted the Report and Recommendation by Magistrate Judge Robert H. Scott to

release the funds to the Burt Defendants, over Plaintiffs' objections.  Docs. 65 & 88. Because the

Court has already ruled that the funds would be released to the Burt Defendants, the horse has

already left the barn (so to speak), and thus, this claim has been rendered moot.

knowingly in connection with the sale of goods or services; *Trademarks Holding LLC v. American Prop. Mgmt. Corp.*, Civil No. 07-167 BB/WDS, Doc. 168 at 5 (D.N.M. Jan. 17, 2008) (finding plaintiff had no standing to sue under UPA in patent infringement case, relying on *Santa Fe Custom Shutters*, 113 P. 3d 347).

**Conclusion**

I find and conclude that except for a futility argument with regard to Count XII, Plaintiffs' motion to amend shall be granted.  Defendants offer no basis for considering the motion either untimely or prejudicial.

Defendants' arguments based on futility have no merit with regard to Count VII.  The proposed amended complaint adequately alleges a claim under the UPA.  However, Defendants are correct with regard to the futility of amending the complaint to include Count XII, a claim for attachment.  The Court has already disposed of the issue by ordering the release of the Court registry funds to the Burt Defendants.

**THEREFORE,**

**IT IS ORDERED** that Plaintiffs' Motion for Leave to Amend Complaint, filed April 28, 2010 **(Doc. 63)** is GRANTED IN PART with regard to Counts IV (Breach of 2009 Breeding Season Agreement); Count V (Promissory Estoppel); Count VI (Negligent Misrepresentation); and Count VII (Violation of the New Mexico Unfair Trade Practices Act);

**IT IS FURTHER ORDERED** that the Plaintiff's motion for leave to amend is DENIED with regard to Count XII (claim for Attachment), on the grounds that Count XII has been rendered moot by previous rulings by the Court.

_____
UNITED STATES DISTRICT JUDGE