IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JANIS SPENCER MURRAY and
MAC MURRAY

       Plaintiffs,

vs.                                  Civ. No. 09-1150 WJ/RHS

BOB BURT, DARIAN BURT,
SELECT BREEDERS SOUTHWEST,
and SMART RANCHES,

       Defendants.


**ORDER GRANTING BOB AND DARIAN BURTS' MOTION TO COMPEL
PLAINTIFFS TO PRODUCE DOCUMENTS AND TO ANSWER INTERROGATORIES**

       **THIS MATTER** comes before the Court on Bob and Darian Burts' Motion to Compel Plaintiffs to Produce Documents and to Answer Interrogatories [docket no. 119]. The Court has considered the Motion together with Plaintiffs' Response thereto (docket no. 129) and Burts' Reply (docket no. 139) as well as all of the pleadings on file in the above-captioned cause and hereby concludes that the Motion is well-taken and should be granted.

       **IT IS THEREFORE ORDERED** that Bob and Darian Burts' Motion to Compel Plaintiffs to Produce Documents and to Answer Interrogatories [docket no. 119] is hereby granted as follows:

       1. <u>RFP No. 3</u>. Plaintiffs object to the production of documents concerning all semen harvested from *Dash Ta Fame* whether it be cooled or frozen. The legal thrust of this lawsuit has to do with an accounting of the proceeds of semen harvested from *Dash Ta Fame*. The trial court will adjudicate if there is any material distinction between "frozen" and "cooled." The

Court therefore concludes that the materials sought in RFP No. 3 are discoverable. The motion is granted.

2. <u>RFP No. 4</u>: Defendants Burts seek copies of written breeding contracts including but not limited to booking fee contracts that concern services of *Dash Ta Fame* that were entered into with any mare owner from 1994 to 2009. Plaintiffs complain that this could involve approximately 3,000 mares and that the request is overbroad. The Court has no basis to make a determination as to why it is overbroad or unduly burdensome as Plaintiffs do not indicate the status of their records nor the ability to access them. The Court concludes that the materials sought here are discoverable. The trial court will make a determination as to whether they are admissible and the motion is therefore granted.

3. <u>RFP No. 5</u>: As in RFP No. 4, Plaintiffs do not advise the Court as to why a production of these documents would be unduly burdensome and the Court concludes that it is reasonable to compel Dr. Murray to review these records and respond to them in production. If Plaintiffs have previously produced responsive documents, they shall be produced a second time in response to this specific request for production. The motion is granted.

4. <u>RFP No. 6:</u> The Court understands from Dr. Murray's response that she is producing documents without waiving her objection. The motion is granted.

5. <u>RFP No. 7</u>: This RFP addresses male owners identified by Plaintiffs in response to Darian Burt's Interrogatory No. 1 who received a re-breed due to the death of a foal. Dr. Murray objects to producing copies of veterinary statements or other documents on grounds of relevancy and being overly broad and unduly burdensome. The Court overrules this objection and orders that the information sought in RFP No. 7 be produced.

6. <u>Interrogatories Nos 1-3</u>: Again, the Court concludes that the information sought in Interrogatories Nos. 1-3 is discoverable and Plaintiffs' objections as to being overly broad, unduly burdensome and not reasonably calculated to lead to admissible evidence are overruled. If Dr. Murray has previously produced documents responsive to these interrogatories, they shall be produced again a second time in original form without reference to other responses.  If Dr. Murray's records indicate re-breeds or because mare owners desired more than one foal sired by *Dash Ta Fame*, this distinction shall be made to Defendants in her response.

7. <u>Interrogatory No. 5</u>: Dr. Murray's response to Interrogatory No. 5 appears to be appropriate, however, she is ordered and directed to supplement the same if necessary if she has determined other records or documents which would be appropriate.

8. <u>Interrogatory No. 8</u>: The motion is granted as to Interrogatory No. 8 and Dr. Murray is directed to review and analyze the records being sought for reasons stated previously by the Court.

9. <u>Interrogatory No. 10</u>: Dr. Murray's objection is overruled and she is directed to answer the interrogatory.

10.  To the extent that Plaintiffs are directed to respond to requests for productions and interrogatories, the same shall be concluded on or before November 30, 2010.

*Robert Hayes Scott*
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE