IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JANIS SPENCER MURRAY and
MAC MURRAY

      Plaintiffs,

vs.                                          Civ. No. 09-1150 WJ/RHS

BOB BURT, DARIAN BURT,
SELECT BREEDERS SOUTHWEST,
and SMART RANCHES,

      Defendants.

**ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL
PRODUCTION OF DOCUMENTS FROM BOB AND DARIAN BURT**

**THIS MATTER** comes before the Court on Plaintiffs' Motion to Compel Production of Documents From Bob and Darian Burt [docket no. 120]. The Court has now considered the Motion together with Burt's Response (docket no. 126) as well as Plaintiffs' Reply (docket no. 141) and all of the documents on file in the above-captioned cause and hereby concludes that the Motion is well-taken and should be granted.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Compel Production of Documents From Bob and Darian Burt [docket no. 120] is hereby granted as follows:

    1. The Burts' objections to producing documents sought in RFP Nos. 14 and 16 are denied. The Burts object to documents being sought in RFP No. 14 stating that the request is overbroad and seeking documents not related to *Dash Ta Fame*. The Plaintiffs are entitled to review the same in discovery to make their own independent determination. As for RFP No. 16, the Burts make their boilerplate objection that the documents are not reasonably calculated to

lead to the discovery of admissible evidence and that the request is overbroad in seeking documents not related to *Dash Ta Fame*.  Again, Plaintiffs are entitled to their own independent inspection of the documents being sought in discovery to make a determination if they are or are not related to *Dash Ta Fame*.  The Burts also object indicating that the request is not sufficiently particular to enable them to respond.  This objection is overruled and the Court orders and directs that Plaintiffs produce all documents relative to Largo and Associates.

    2.  The Burts have agreed to produce the requested documents sought in RFP Nos. 11, 13, 19 and 20.

    3.  The Burts state that no documents exist that are responsive to RFP Nos. 17, 21, and 22.  The Plaintiffs are entitled to a more definitive answer than that "the Burts state they have no such documents."  This response does not tell the Plaintiffs if these documents exist and are not in the physical or controlling possession of the Burts or if the Burts perhaps received payment by Misty Mountain Ranch LLC of legal fees or other costs but did not keep a record of them.  The Plaintiffs are entitled to a full and complete narrative response and explanation as to RFP No. 17.  As regards RFP Nos. 21 and 22, the Burts respond that no such documents exist at this time but will be generated following the end of the calendar year.  The Burts are hereby ordered to produce the documents sought in RFP Nos. 21 and 22 through September 30, 2010, and to supplement them monthly thereafter without further Court order.

    4.  Concerning RFP Nos. 12 and 18, the Burts respond that they were previously produced to the Murrays and that no other documents exist.  While this may appear duplicative, the Burts are directed to produce the documents again in response to RFP Nos. 12 and 18 and to further provide a narrative response indicating whether the documents did exist but are no longer in control of the Burts, were never generated or received by the Burts, or other circumstances

relative to the proposition that no other documents exist such that the Plaintiffs may make their own independent determination as to the totality of the documents being sought in RFP Nos. 12 and 18.

    5.  To the extent that responses to requests for production are ordered herein, the same shall be completed on or before November 30, 2010.

*Robert Hayes Scott*
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE