IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JANIS SPENCER MURRAY and
MAC MURRAY

       Plaintiffs/Counter-Defendants,

vs.                                       Civ. No. 09-1150 WJ/RHS

BOB BURT, DARIAN BURT,
SELECT BREEDERS SOUTHWEST,
and SMART RANCHES,

       Defendants/Counter-Claimants.

**ORDER GRANTING MOTION TO COMPEL PLAINTIFFS
TO PRODUCE DOCUMENTS AND TO ANSWER INTERROGATORIES**

**THIS MATTER** comes before the Court on Defendants/Counter-Claimants Burts' Motion to Compel Plaintiffs to Produce Documents and to Answer Interrogatories [docket no. 134]. The Court has now considered the Motion together with Plaintiffs' Response thereto (docket no. 148) and Darian Burt's Reply (docket no. 164) as well as all of the pleadings on file in the above-captioned cause and hereby concludes that the Motion is well-taken and should be granted.

      Defendant Burt asks the Court to issue an Order compelling complete responses to Requests for Production Nos. 8-11 and Interrogatories Nos. 14, 16, 18, and 20. (Doc. 134, p. 2.) In response to the four document requests (nos. 8-11), Plaintiffs referred Defendant to Plaintiffs' responses to four different *interrogatories*. (Doc. 134, Ex. A.) This is insufficient. Plaintiffs must properly and fully answer the document request either by setting forth a response or objection in the space provided. *See* D.N.M. LR-Civ 26.1(b). *See also* Fed. R. Civ. P.

34(b)(2)(B) (for each item requested, response "must either state that inspection . . . will be permitted as requested or state an objection to the request, including the reasons.")

In response to the interrogatories at issue (nos. 14, 16, 18 and 20),[1] Plaintiffs object on grounds that the interrogatories are "overly broad, vague, [and] burdensome . . . ." [Doc. 134, Ex. B.] In addition, Plaintiffs claim the interrogatories concern "potential and unasserted claims barred by the statutes of limitations," and are "not reasonably calculated to lead to the discovery of admissible evidence because there are no claims in this lawsuit that involve expenses incurred by Dr. Murray . . . ." Plaintiffs further object on grounds that the requested information was previously requested and that Plaintiffs' only obligation at this stage is to supplement prior responses, subject to objections already raised. Finally, Plaintiffs concede that responsive documentation and information may exist but state the documents will not be produced or that Plaintiffs never agreed to produce the responsive documents.

"The party resisting the discovery has the burden of showing the requests are irrelevant, over-broad, or unduly burdensome, including providing a detailed explanation, exhibits, and/or affidavits to support the claim." Dataworks, LLC v. Planit Planners, Inc., Civ. No. 09-cv-00504 MJW-KLM. 2010 WL 2867894, *1 (D. Colo. Jul. 21, 2010) (general standard) (unpublished) (citations omitted); Clayton v. Vanguard Car Rental U.S.A., Inc., No. CIV 09-0188 JB/ACT, 2009 WL 5851087, at *3 (D.N.M. Dec. 15, 2009) (citation omitted) ("A party objecting on the basis of overbreadth bears the burden of establishing that the request is overbroad.")

With respect to a relevancy objection, under Fed. R. Civ. P. 26(b)(1), relevancy is broadly construed, and a request for discovery is deemed appropriate if there is "any possibility"

---

[1] These are the same interrogatories to which Plaintiff refer in response to the document requests at issue.

that the information sought may be relevant to the claim or defense of any party.  *See* EEOC v. University of Phoenix, Inc., Civ. No. 05-1048, 2007 WL 1302578, at *4 (D.N.M. Apr. 10, 2007) (unpublished) (relevance for discovery purposes is broader than the scope of admissible evidence for trial purposes, although not so broad as to allow "fishing expeditions")  In addition, it is improper to set forth general or summary objections asserting overbreadth or burdensomeness.  Klesch & Co. Ltd. v. Liberty Media Corp., 217 F.R.D. 517, 524 (D.Colo. 2003) (objecting party cannot sustain burden with boilerplate claims that requested discovery is burdensome); McCoy v. Whirlpool Corp., 214 F.R.D. 642, 646 (D.Kan. 2003) (overruling objection of undue burden based in part on lack of affidavit or other proof).

    The Court determines that all of the discovery requests at issue appear relevant.  Moreover the discovery requests are not vague, unduly burdensome or overly broad.  Plaintiffs did not sustain their burden of demonstrating that the requested discovery does not come within the scope of relevance as defined under Rule 26(b)(1), or that the requested information is "of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure."  A.H. ex rel. Hohe v. Knowledge Learning Corp., 2010 WL 4117508, at *4 (D. Kan. Oct. 19, 2010) (unpublished).

    In addition, the Court finds Plaintiffs did not satisfy the requirements necessary to show undue burden. "A party asserting undue burden must present an affidavit or other evidentiary proof of the time or expense involved in responding to the discovery request."  *See* In re Urethane Antitrust Litigation, 261 F.R.D. 570, 575-76 (D. Kan. 2009) (antitrust case).  Plaintiffs provided only conclusory allegations, without any affidavit or other evidence demonstrating they will suffer undue burden and expense by responding to the requests.

Plaintiffs brought this litigation, and the Court concludes that the discovery being sought is reasonable and necessary. Plaintiffs' arguments that the discovery lacks relevance and is vague and burdensome are simply not supported by specific grounds such that Plaintiffs should be relieved from responding. Thus, the objections are overruled.

**IT IS THEREFORE ORDERED** that Defendants/Counter-Claimants Burts' Motion to Compel Plaintiffs to Produce Documents and to Answer Interrogatories [docket no. 134] is hereby granted as follows:

1. Plaintiffs shall respond to Requests for Production Nos. 8-11 by providing responsive documents, and to Interrogatories Nos. 14, 16, 18, and 20 by supplying full and complete narrative responses. No answers or objections should refer to responses to other discovery that may have been propounded.

2. These responses to Requests for Production and Interrogatories shall be completed in full on or before December 1, 2010.

IT IS SO ORDERED.

*Robert Hayes Scott*
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE