IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

_____

JANIS SPENCER MURRAY and
MAC MURRAY,

        Plaintiffs/Counter-Defendants,

        v.                                      No. 09-cv-1150-WJ/RHS

BOB BURT, DARIAN BURT,

        Defendants/Counter-Claimants.

and

SELECT BREEDERS SOUTHWEST,
and SMART RANCHES,

        Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFFS' MOTION TO JOIN MISTY MOUNTAIN RANCH, LLC, AS A PARTY DEFENDANT

THIS MATTER comes before the Court upon Plaintiffs' Motion to Join Misty Mountain Ranch LLC as a Party Defendant, filed October 13, 2010 (**Doc. 130**).  Defendants Bob and Darian Burt have filed a response opposing the motion but Defendant Smart Ranches has not responded. Having considered the parties' briefs and the applicable law, I find that Plaintiffs' motion is well-taken and will be granted.

### Background

This case involves claims over the interests, rights, and responsibilities of the parties in connection with a nationally-acclaimed quarter horse stallion, *Dash Ta Fame*.  The Amended Complaint asserts that Defendant Smart Ranches has sold an unknown quantity of *Dash Ta*

*Fame*'s semen to outside customers pursuant to instructions from Defendant Bob Burt, and both of these Defendants have failed to account to Plaintiffs for either the frozen semen collected, preserved, frozen and stored at Smart Ranches, or for the doses subsequently sold. Plaintiffs also allege that Defendant Burt has not paid Plaintiffs their share of revenue from *Dash Ta Fame*'s earnings, whether from the sale of frozen semen or otherwise, which are attributable to the sale flowing from Plaintiffs' 10% ownership in *Dash Ta Fame*.

The Burts have asserted a breach of contract counterclaim against Plaintiffs.  Doc. 110. They claim that, beginning in 2006 and continuing through the 2008-2009 breeding season, the Murrays, without the knowledge and consent of the Burts, secretly harvested and froze *Dash Ta Fame*'s semen and converted the semen to their own use contrary to the rights and claims of the Burts.

## Discussion

In the instant motion, Plaintiffs seek to join Misty Mountain Ranch, LLC ("Misty Mountain") as a party defendant under Fed.R.Civ.P. 19(a)(1)(A).  The Court's inquiry under Rule 19 is twofold.  First, the court must determine whether a person is necessary pursuant to Rule 19(a). Next, and only if the answer to the first question is in the affirmative, the Court must determine, under 19(b), whether to proceed in that person's absence if joinder is not feasible. *Thunder Basin Coal Co. v. Tuco, Inc*., 156 F.R.D. 665, 671 (D.Wyo. 1994); *Salt Lake Tribune Pub. Co. v. AT & T Corp*., 320 F. 3d 1081, 1096 (10th Cir. 2003). A party is necessary within the meaning of Rule 19(a) if: (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the

2

persons already parties subject to substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. Plaintiffs bear the burden of demonstrating that Misty Mountain should be joined as a necessary party to this lawsuit.  *See Davis v. United States*, 192 F. 3d 951, 958 (10th Cir. 1999).

   Plaintiffs claim that they have recently come upon evidence which shows that Misty Mountain is an owner of *Dash Ta Fame*, and that Bob Burt holds only a minority interest in that company.[1]  Their motion is based on the purported existence of documents and testimony which they believe are inconsistent on the question of the ownership of *Dash Ta Fame* and the role of Misty Mountain.  As a result, Plaintiffs contend that Misty Mountain may share responsibility with Bob Burt for paying a potential money judgment, and thus should be joined in this lawsuit under Rule 19(a)(1)(B).

   Defendants contend that there is no factual basis for joining Misty Mountain in this lawsuit, and also that Plaintiff's motion to join is untimely.

## I.   Whether Misty Mountain Should Be Joined as a Party Defendant

   Until recently, Plaintiffs have assumed, based on representations made by Bob Burt, that Mr. Burt owned 100% interest in *Dash Ta Fame*, subject to the 10% interest sold to Plaintiffs. *See* Joint Status Report ("JSR"), Doc. 47 at 1; *see also* Mot., Ex. A (Burt's statement from Amended Counterclaim). Since 2002, Mr. Burt told Plaintiffs to make his checks for income from the standing of *Dash Ta Fame* directly to Misty Mountain, a limited liability company belonging to Mr. Burt.  Plaintiffs understood that Misty Mountain was created to help Bob Burt

---

[1]   Plaintiffs point out that Bob Burt has never authorized a change in the official records of the American Quarter Horse Association reflecting the 10% ownership interest which he sold to Dr. Janis Spencer Murray. Thus, publicly, Bob Burt still holds himself out as owner of *Dash Ta Fame*.  Mot. at 2, § 1.

better manage his quarter horses and to facilitate estate planning within his family, and that

Misty Mountain served a purely administrative purpose, limited to paying expenses and

collecting proceeds (Mot., Ex. E at 4-5, Ans. to Interrog.).  Thus, they did not think it was

unusual for Mr. Burt to want his income from the breeding of the stallion to pass through a

wholly owned LLC.

Plaintiffs state they now believe that Bob Burt is only a minority owner of Misty

Mountain, and as such receives only 40% of the Misty Mountain income derived from *Dash Ta*

*Fame*.  They point to the 2010 Breeding Season Agreement between Bob Burt and Smart

Ranches, which was signed in October 2009, which lists Misty Mountain as well as Bob Burt as

"Owner."  Mot., Ex. C ("Smart Ranches Contract").  Defendants object to the Smart Ranches

Contract exhibit based on a lack of foundation or authenticity.  However, the Court is satisfied

that Plaintiffs have offered other evidence which serves as adequate foundation for the Smart

Ranches Contract (*see* Reply, Ex. C at 174:14-19; Resp., Ex. D), and thus the exhibit will be

considered.

Defendants attempt to distance themselves from the Smart Ranches Contract by claiming

that it was a standard contract form prepared by someone at Smart Ranches, and not by Mr. Burt.

As Plaintiffs note, this is a tacit admission that Mr. Burt signed the contract.  Defendants offer

the Declaration of William Swyers, the owner and CEO of Smart Ranches, in which Mr. Swyers

states that the Smart Ranches Contract was a standard form contract typically used at Smart

Ranches and was not prepared by either of the Burts.  Resp., Ex. D.  Mr. Swyers states only that

the identification of Bob Burt and Misty Mountain as owners of *Dash Ta Fame* on the Smart

Ranches Contract "may have been an administrative oversight."  Mr. Swyers' declaration does

not explain how Smart Ranches got the impression that Misty Mountain is an owner of *Dash Ta*

4

*Fame*, although it would be reasonable to assume that the information came from Mr. Burt. Neither Mr. Swyers nor the Burts correct that impression, or definitively state that Misty Mountain was added to the contract in error.

Plaintiffs also claim that, based on depositions taken in September 2010, there is reason to believe that the majority owner (60%) of Misty Mountain is Largo Associates, and not Bob Burt. At one of the depositions, Leon Hill, Mr. Burt's tax preparer, made statements which support Plaintiffs' contentions. Mr. Hill testified that Largo Associates is a trust and that he and Bob Burt are two of the three trustees of the trust. While Mr. Hill knew the name of the other trustee and the names of the owners of the trust, he refused to disclose their identities. *See* Doc. 135.[2] Because Misty Mountain receives 100% of Mr. Burt's annual income derived from *Dash Ta Fame* since 2002, Largo Associates as majority owner of Misty Mountain would be entitled to 60% of all income from *Dash Ta Fame*. *See* Doc. 135. Mr. Hill stated in his deposition that Largo Associates makes no contribution for its 60% interest, but is entitled to draw down on the capital if it chooses to. Resp., Ex. B at 111:3-10. Further, as majority owner of Misty Mountain, Largo Associates can make decisions on behalf of Misty Mountain.

Defendants do not shed any light on the issue of Largo Associate's role in Misty Mountain. Instead, they attack the weight of the evidence presented by Plaintiffs, and emphasize evidence which redirects the focus to somewhere other than Largo Associates. To be sure, there is evidence that Mr. Burt arranged his business affairs to obtain potential tax advantages by contributing his proceeds from *Dash Ta Fame* to Misty Mountain. Also, Mr. Burt testified that

---

[2] Magistrate Judge Robert Scott recently granted Plaintiffs' motion to compel Defendants to disclose this information by allowing Plaintiffs to depose the beneficiaries and trustees of Largo Associates. Doc. 172.

Misty Mountain owns only one horse, *Wind Fame* (Resp., Ex. A).  None of this information attenuates the strength of the evidence uncovered by Plaintiffs.  Whether or not Misty Mountain owns *Dash Ta Fame* or some other horse, Defendants do not challenge evidence which indicates that Misty Mountain receives 100% of Bob Burt's income from *Dash Ta Fame*, and that Largo Associates (and not Bot Burt) is not the majority owner of Misty Mountain.  *See* Resp., Ex. B. Thus, it is reasonable to proceed to the conclusion that Largo Associates, and not Bob Burt, holds the purse strings to proceeds from *Dash Ta Fame*.

## II.      Whether Plaintiffs' Motion is Untimely

Defendants contend that it is too late to join additional parties because it is now more than five months after the deadline set forth in the Joint Status Report and Provisional Discovery Plan.  The  Court finds that this deadline does not preclude motions to amend a pleading if a party can show good cause to do so.  Defendants also argue that Plaintiffs could have sought to add Misty Mountain as an additional party prior to the deadline because Plaintiffs have known about the existence of Misty Mountain since at least 2002, having paid  Bob Burt's share of *Dash Ta Fames*'s stud fees directly to Misty Mountain since that time.  Defendants also note that Plaintiffs filed an Amended Complaint on July 29, 2010 (Doc. 108), but did not seek to join Misty Mountain at that time.

If Plaintiffs' request was based on facts already known at the time they amended the complaint, the Court would agree with Defendants.  However, the basis for Plaintiffs' request is that previously unknown facts have been unearthed through discovery as recent as September 2010 – well after Plaintiffs amended the complaint – which casts doubt on Bob Burt's ownership interest in Misty Mountain. The parties' stipulation should get similar treatment.  The parties have formerly stipulated that Plaintiffs own as their sole property 10% of all frozen semen

collected from *Dash Ta Fame* and that Bob Burt owns a 90% undivided interest in the stallion
(Doc. 47).  However, this stipulation was based on what Plaintiffs knew at the time. The Court
will not hold a party to factual stipulations which prove to be questionable or incorrect as a result
of the discovery process.[3]  Plaintiffs were aware of the existence of Misty Mountain, but they
were directed to believe that Mr. Burt had a majority interest in Misty Mountain.  Plaintiffs were
not aware that Mr. Burt had less than a majority interest, nor was there any basis to know this,
prior to discovery.  Thus, Plaintiffs are not precluded from making the request on the basis of
untimeliness.

**Conclusion**

I find and conclude that Plaintiffs have met their burden of showing that Misty Mountain
should be joined as a necessary party to this lawsuit.  Should Plaintiffs prevail in this lawsuit and
choose monetary damages as a form of relief, Mr. Burt does not appear to have full interest in
the entity which receives all of his considerable income derived from *Dash Ta Fame*, and which
would be the source for securing a money judgment.  Defendants do not argue that they would
be prejudiced by the joinder, or that joinder is not otherwise feasible under Rule 19(b).
Accordingly, I find that Plaintiffs have sufficiently met their burden under Rule 19(a) that Misty
Mountain should be joined as a party defendant.

**THEREFORE,**

**IT IS ORDERED** that Plaintiffs' Motion to Join Misty Mountain Ranch, LLC as a Party

---

[3] Defendants rely on *Vallejos v. C. E. Glass Co*., 583 F.2d 507, 510 -511 (10th Cir. 1978)
to argue that Plaintiffs should not be relieved of the stipulation regarding Bob Burt's ownership
interest in *Dash Ta Fame*.  However, the stipulation at issue in *Vallejos* regarded the plaintiff's
proof of damages.  The court found the stipulation was binding on the parties where no objection
was made and no contrary proof was offered.  The instant case is quite different.  The stipulation
was entered into at the inception of the case, prior to discovery.

Interest (**Doc. 130**) is hereby GRANTED for reasons described in this Memorandum Opinion and Order.

_____
UNITED STATES DISTRICT JUDGE