**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

JANIS SPENCER MURRAY and
MAC MURRAY,

      Plaintiffs/Counter-Defendants,

    v.                                            No. 09-cv-1150-WJ/RHS

BOB BURT, DARIAN BURT,
Defendants/Counter-Claimants.
and
SELECT BREEDERS SOUTHWEST,
and SMART RANCHES,

      Defendants.

**MEMORANDUM OPINION AND ORDER
DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT**

THIS MATTER comes before the Court upon Plaintiffs' Motion for Partial Summary Judgment on Bob Burt's liability for Ouster of Dr. Murray from Co-tenancy, filed November 12, 2010 (**Doc. 160**). Having considered the parties' briefs and the applicable law, I find that Plaintiffs' motion is not well-taken and will be denied.

**Background**

This case arises out of a dispute between the co-owners of the acclaimed quarter horse *Dash Ta Fame*. Plaintiff Janis Spencer Murray is a licensed New Mexico veterinarian, who, with her husband Mac Murray owns and operates MJ Farms in Veguita, Socorro County, New Mexico. Defendant Bob Burt owns *Dash Ta Fame*. In 1997, Dr. Murray started discussions with Bob Burt which resulted in the sale of a 10% ownership interest in the stallion. Dr. Murray has stood *Dash Ta Fame* at her farm in Utah for several breeding seasons before she purchased

the 10% interest in the horse.

## Discussion

The gravamen of Plaintiffs' eleven-count amended complaint (Doc. 108) is that Defendants have failed to account to Plaintiffs for their share of proceeds from the sale of *Dash Ta Fame*'s frozen semen, and for other doses sold in which Plaintiffs had an interest. Also at issue is whether the parties had an agreement following Dr. Murray's purchase of a 10% interest in the horse, that the horse would continue to stand at Dr. Murray's farm for subsequent breeding seasons.  The parties' business relationship arises out of several agreements.  For example, in 1997, the parties executed an agreement by which Dr. Murray purchased a 10% ownership in *Dash Ta Fame*.  They also entered into yearly breeding contracts to address issues of breeding, management and veterinarian services for the stallion.

In this summary judgment motion, Plaintiffs contend that Dr. Murray had a possessory right in the horse (specifically, a tenancy in common); and that Bob Burt's decision to move the horse from the Murray farm constitutes an ouster in violation of Dr. Murray's rights as a co-tenant.  Defendants contend that summary judgment is inappropriate for several reasons, any one of which the Court would find sufficient to deny Plaintiffs' motion.

Defendants object to Plaintiffs' arguing a legal theory that is not mentioned anywhere in the 132-paragraph amended complaint.  The Court agrees with Defendants.  Concepts of co-tenancy and ouster are late-comers in this lawsuit in terms of asserted legal theories.  Defendants also contend that while co-tenancy applies to personal property, the concept of ouster only applies to real property.  After a review of the law cited by the parties, I find that, in the very least, it is not clear whether ouster applies to personal property. Plaintiffs fail to successfully rebut Defendants' position.  The best they can do is cite to a New Mexico case which stands for

the proposition that denial of access to a co-tenant may be ouster– but that case only supports Defendants' position because it involves ouster from real property that was part of an estate.[1]

Last, Defendants argue that, even assuming ouster can apply in this situation, no ouster occurred.  Running with this hypothetical thread, the Court concludes that summary judgment would be inappropriate under Fed.R.Civ.P. 56 because there are genuine issues of material fact concerning the rights of the parties under the agreements, as co-tenants or otherwise.[2]  *See Atlantic Richfield Co. v Farm Credit Bank of Wichita*, 226 F.3d 1138 (10th Cir. 2000) (summary judgment is not appropriate if disputes remain as to material facts).

The way the Court sees it, this motion attempts to secure from the Court a preemptive determination regarding certain issues concerning ownership of the stallion as well as interpretation of the agreements entered into by the parties.  The Court will be allowing limited extrinsic evidence on these very issues to be heard at trial.  *See* Doc. 198.  Because disputes of material fact exist on these issues, partial summary judgment is inappropriate.

**THEREFORE,**

**IT IS ORDERED** that Plaintiffs' Motion for Partial Summary Judgment on Bob Burt's liability for Ouster of Dr. Murray from Co-tenancy **(Doc. 160)** is hereby DENIED for reasons described in this Memorandum Opinion and Order.

---

[1] *See* Doc. 195 (citing *Trujillo v. Lopez*, 106 N.M. 157, 161, 540 P.2d. 707, 711 (Ct.App 1987).

[2] The Court has already ruled that Utah law governs issues involving the contracts at issue in this case.  *See* Doc. 198 at 3.  Defendants adhere to their position that New Mexico law, and not Utah law, applies to the issues raised in the motion, but they also concede that Utah law and New Mexico are consistent with regard to the substantive property law questions raised in this motion.  Doc. 175 at 13 & n.4.

_____
UNITED STATES DISTRICT JUDGE