IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JANIS SPENCER MURRAY and
MAC MURRAY,

      Plaintiffs/Counter-Defendants,

     v.                                        No. 09-cv-1150-WJ/RHS

BOB BURT, DARIAN BURT,
Defendants/Counter-Claimants.
and
SELECT BREEDERS SOUTHWEST,
and SMART RANCHES,

      Defendants.

**MEMORANDUM OPINION AND ORDER GRANTING SUMMARY JUDGMENT ON COUNT VIII and COUNT XI AS TO DEFENDANT SMART RANCHES, AND DISMISSING SMART RANCHES AS A DEFENDANT**

THIS MATTER comes before the Court upon Defendant Smart[1] Ranches' Motion for Summary Judgment on Counts VIII (Injunctive Relief) and XI (Constructive Trust), filed November 12, 2010 (**Doc. 161**). Having considered the parties' briefs and the applicable law, I find that Defendant's motion is well-taken and shall be granted.

**Background**

This case arises out of a dispute between the co-owners of the acclaimed quarter horse *Dash Ta Fame*. Plaintiff Janis Spencer Murray is a licensed New Mexico veterinarian who, with her husband Mac Murray owns and operates MJ Farms in Veguita, Socorro County, New Mexico. Defendant Bob Burt owns *Dash Ta Fame*. Defendant Smart Ranches provides veterinary services to Dash Ta Fame.

In 1997, Dr. Murray purchased a 10% ownership interest in the horse. Front and center

---

[1] SMART is an acronym for "Stallion & Mare Assisted Reproduction, PC." *See* Doc. 161 at 1.

in this lawsuit is the issue of Plaintiffs' ownership interest in *Dash Ta Fames*' frozen semen. Also at issue is whether Dr. Murray and Bob Burt had an agreement following Dr. Murray's purchase of the 10% interest that the horse would continue to stand at Dr. Murray's farm for subsequent breeding seasons. Plaintiffs claim that Smart Ranches has denied Plaintiffs access and use of their share of *Dash Ta Fame*'s frozen semen. Plaintiffs also claim that Smart Ranches has conspired with Bob Burt to stand *Dash Ta Fame* at Smart Ranches for the 2010 breeding season without consulting Plaintiffs.

The amended complaint (Doc. 108) is 132 paragraphs long, and contains 11 separate counts, two of which include allegations directed against Smart Ranches.[2] Count VIII requests injunctive relief in connection with the frozen semen. Count XI, a claim for constructive trust, states that Smart Ranches holds some of the frozen semen collected from *Dash Ta Fame* which belongs to Plaintiffs under their ownership interest. The amended complaint includes the following allegations against Smart Ranches:

- that Smart Ranches has custody and control of property received with respect to which Plaintiffs are the rightful owners (¶ 7);

- in 2007, Defendant Burt sent *Dash Ta Fame* to Smart Ranches during the non-breeding season; Smart Ranches collected, froze, stored and preserved *Dash Ta Fame's* semen; *Dash Ta Fame* returned to Smart Ranches for the 2008 and 2009 non-breading seasons where his semen was again collected, frozen and stored (¶35);

---

[2] The amended complaint contains the following counts: Count I: Breach of Contract for Failure to Renew Breeding Season Agreement (Burts); Count II: Breach of Contract for Failure to Pay Plaintiff Her Share of Income Received by Defendants from Whatever Source Derived (Burts); Count III: Breach of the Covenant of Good Faith and Fair Dealing (Bob Burt); Count IV: Breach of 2009 Breeding Season Agreement (Bob Burt); Count V: Promissory Estoppel; Count VI: Negligent Misrepresentation (Bob Burt); Count VII: Violation of the NM Unfair Trade Practices Act (Bob Burt); Count VIII: Request for Preliminary and Permanent Injunctive Relief for Breach of Contract in Connection with Frozen Semen (Burts, Select Breeders SW, Smart Ranches); Count IX: Declaratory Judgment (Bob Burt); Count X: Tortious Interference with Contractual Relations (Burts); Count XI: Constructive Trust (Bob Burt, SBS, Smart Ranches).

- Plaintiffs own, as their sole and separate property, 10% of all frozen semen collected by Smart Ranches (¶36);

- Smart Ranches holds Plaintiffs' 10% share of *Dash Ta Fame*'s frozen semen in a fiduciary capacity (¶40); and,

- Plaintiffs are entitled to receive shipment and/or direct the shipment from time to time of 10% of the frozen semen collected from *Dash Ta Fame* and being stored at Smart Ranches (¶109).

## Discussion

Defendant Smart Ranches moves to dismiss Counts VIII and XI on the basis that it was unaware that there was a co-owner or potential co-owner of *Dash Ta Fame* other than Bob Burt (prior to the filing of this lawsuit), and that Plaintiffs have no evidence that Smart Ranches conspired with Bob Burt to stand the stallion for the 2010 breeding season without consulting Plaintiffs first, in alleged repudiation of Plaintiffs' ownership interest in the horse and its frozen semen.

**I.     Legal Standard**

Under Fed.R.Civ.P. 56, the non-moving party bearing the burden of proof at trial on a dispositive issue must "go beyond the pleadings" and "designate specific facts" so as to "make a showing sufficient to establish the existence of an element essential to that party's case in order to survive summary judgment); *see Ford v. West*, 222 F.3d 767, 774 (10th Cir. 2000).

**II.    Claim for Constructive Trust (Count XI)**

The imposition of a constructive trust is an equitable remedy, and as such is within the broad discretion of the district court. *In re Estate of Duran*, 133 N.M. 553, 565, 66 P.3d 326, 338 (N.M.,2003); *Jicarilla Apache Tribe v. Andrus*, 687 F.2d 1324 (10th Cir. 1982). A constructive trust is imposed to prevent the unjust enrichment that would result if the person having the property were permitted to retain it. *Aragon v. Rio Costilla Co-op. Livestock Ass'n,*

112 N.M. 152, 155-156, 812 P.2d 1300, 1303 - 1304 (N.M.,1991). The circumstances where a court might impose such a trust are varied, and may include fraud, constructive fraud, duress, undue influence, breach of a fiduciary duty, or similar wrongful conduct. *Id*. Such a trust can be imposed based upon the "breach of any legal or equitable duty," or the "commission of a wrong." *Tartaglia v. Hodges*, 129 N.M. 497, 510, 10 P.3d 176, 189 (N.M.App.,2000) (citing *Aragon*, 112 N.M. at 157, 812 P.2d at 1305).

  The material facts presented by Defendants essentially state that Smart Ranches had no knowledge of a potential co-owner of *Dash Ta Fame* (including Dr. Murray) or knowledge of the contractual relationship between Plaintiffs and Bob Burt. Such knowledge on the part of Smart Ranches could constitute wrongful conduct as a basis for imposing a constructive trust. Defendants support the material facts with the affidavit and deposition of William Swyers, an officer of Smart Ranches and Defendant's answers to interrogatories. However, as Defendant notes, Plaintiffs do not dispute, contest or refute any of the material facts which have been presented. Instead, Plaintiffs contend that what matters is that Smart Ranches is now aware of *Dash Ta Fame*'s true ownership. This is a bogus argument – all Smart Ranches knows at this point is that Plaintiffs are making a claim that they own the stallion's semen which is being stored at Smart Ranches. This does not, by a long shot, infer the kind of wrongful conduct required to support a claim for constructive trust.

  Nor do Plaintiffs offer any evidence of other types of wrongful conduct which would support their claim for a constructive trust. Plaintiffs contend that Smart Ranches would be unjustly enriched if allowed to keep the stored semen. This is insufficient to withstand summary judgment on Count VIII. First, Plaintiffs have alleged unjust enrichment against Defendant Bob Burt only. Doc. 108, ¶ 129. Second, unjust enrichment is but one aspect of a constructive trust. Thus, even if they had alleged that Smart Ranches are unjustly enriched and were able to

produce some evidence on this theory, Plaintiffs must still show evidence of wrongdoing – which they have not been able to do. Similarly, a claim of breach of fiduciary duty might also provide a basis for wrongful conduct. The problem here, however, is that the amended complaint does not assert such a claim. Paragraph 40 in the amended complaint alleges that "Defendants SBS and Smart Ranches hold Plaintiffs 10% share of *Dash Ta Fame*'s frozen semen in a fiduciary capacity."[3] Even if one were to construe this as a claim for breach of fiduciary duty, Plaintiffs offer no evidence on that theory which could be considered even remotely as a rebuttal of Defendant's undisputed facts.

    As if sensing that their constructive trust claim is doomed, Plaintiffs switch horses in midstream – pun intended– by arguing that Smart Ranches may be deemed to be a constructive bailee and as such, is under an obligation to safeguard, account for and return Plaintiffs' property to them. Plaintiffs appear to concede that they may have "chosen the wrong label" (Doc. 187 at 3) for a claim for relief against Smart Ranches. This case is at a point where discovery has ended and dispositive motions have been filed. At least by the time Plaintiffs filed their amended complaint on July 29, 2010, they should have made the effort to determine what claims would have been appropriate to assert against Smart Ranches – this would necessarily include determining what the elements of those claims are. I agree with Defendant that Plaintiffs should not be allowed to "re-tool" their complaint by alleging a bailment or constructive bailment theory against Smart Ranches when those claims have not been pled and Defendants have not been put on notice regarding such claims. *See Robbins v. Oklahoma*, 519 F.3d 1242, 1249 (10th Cir.2008) ("A pleading also must be specific enough to "give the defendants notice of the theory

---

[3] The only other mention of "fiduciary duty" is in paragraph 96, but it clearly is directed against Defendant Bob Burt: "As a co-owner of *Dash Ta Fame* and partner, Defendant Burt owes a fiduciary duty to Plaintiffs to refrain from concealment, and to fully disclose all matters that are material to Plaintiffs' investment in and the care and well being of *Dash Ta Fame*."

under which their claim is made.").[4]

As the non-movants in this motion, Plaintiffs were obligated to "go beyond the pleadings" and "designate specific facts" in order to preclude summary judgment. They have not done so. Because Plaintiffs have not offered any evidence to dispute Defendants' statement of undisputed facts, or which would suggest any wrongful conduct on the part of Smart Ranches, Defendant is entitled to summary judgment on Count XI of the amended complaint.

## III.     Injunctive Relief (Count VIII)

Defendant contends that the claim for injunctive relief in the amended complaint must be dismissed because an injunction is an equitable remedy and not a claim for relief. The Court's findings above regarding Plaintiffs' claim for constructive trust in Count XI dictate that Count VIII be dismissed as well. Plaintiffs have presented no dispute of fact that would suggest any wrongdoing on the part of Defendant. Thus, with no evidence that Smart Ranches has violated the law, there is no basis to support equitable relief in the form of an injunction.

Smart Ranches states that it recognizes that under Fed.R.Civ.P. Rule 65(d), it would be obligated to comply with any injunction issued by the Court against the Burt Defendants. *See also* Fed.R.Civ.P. 71 (when an order "may be enforced against a nonparty, the procedure for enforcing the order is the same as for a party."); *Floyd v. Ortiz*, 300 F.3d 1223, 1226 – 27 (10th Cir. 2002). Plaintiffs disagree with this argument, but it is irrelevant in light of the fact that Plaintiffs do not challenge Defendant's underlying argument regarding the assertion of a claim for injunctive relief.

---

[4] In the reply, Defendants go on to argue that a claim for bailment or constructive bailment would also fail because there is no evidence of intent to exercise control over the property which is allegedly in Defendant's possession. Because I am not considering new theories of the case, I need not pass on the merits of Defendant's arguments on any of those theories.

## Conclusion

I find and conclude that Defendant is entitled to summary judgment with regard to Count XI (Constructive Trust) in the amended complaint. Plaintiffs have not offered any evidence to dispute Defendants' statement of undisputed facts, or evidence which would suggest any wrongful conduct on the part of Smart Ranches.

I also find and conclude that Defendant Smart Ranches is entitled to summary judgment on Count VIII (Injunctive Relief) of the amended complaint, based on the Court's findings regarding Count XI.

Finally, as a result of my rulings on the claims asserted by Plaintiffs against Defendant Smart Ranches, Smart Ranches is dismissed as a party to this action.

**THEREFORE,**

**IT IS ORDERED** that Smart Ranches' Motion for Summary Judgment on Counts VIII (Injunctive Relief) and XI (Constructive Trust) **(Doc. 161)** is hereby GRANTED for reasons stated in this Memorandum Opinion and Order;

**IT IS FURTHER ORDERED** that as a result of the rulings on the claims asserted by Plaintiffs against Defendant Smart Ranches, Smart Ranches is dismissed as a party to this action.

_____
UNITED STATES DISTRICT JUDGE