IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JANIS SPENCER MURRAY
and MAC MURRAY,

       Plaintiffs,

vs.                                                                                                No. 09-cv-1150 WJ/RHS

BOB BURT, DARIAN BURT,
SELECT BREEDERS SOUTHWEST,
and SMART RANCHES,

       Defendants.

**MEMORANDUM OPINION AND ORDER GRANTING RECONSIDERATION OF MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO AMEND AND GRANTING LEAVE TO AMEND**

THIS MATTER comes before the Court on Defendant Bob Burt's Motion for Reconsideration of Memorandum Opinion and Order Denying Defendant's Motion to Amend (Doc. 216). A hearing was held in this case on February 7, 2011 (Doc. 243), at which the Court found that in light of its decision to allow Plaintiffs to file a Second Amended Complaint, Defendant Burt would be allowed to seek reconsideration of the Court's order (Doc. 216) denying him leave to file his Amended Counterclaim. (See Doc. 240, Order Resulting from February 7, 2011 Hearing). Defendant Bob Burt originally sought to amend his original counterclaim filed on February 5, 2010 (Doc. 25), based on what he contends are discrepancies in the breeding records received from Plaintiffs during discovery. Because the Court finds that untimeliness is no longer a basis for denying the motion to amend, and because the Court will reconsider its previous findings concerning futility, the Court hereby GRANTS the motion for reconsideration and GRANTS Defendant Burt leave to file the proposed amended counterclaim.

## BACKGROUND

This litigation over the parties' actions with respect to the co-ownership of a nationally acclaimed quarter horse stallion, *Dash Ta Fame*, began when Plaintiffs (Janis Spencer Murray and Mac Murray) filed their complaint on December 7, 2009 (Doc. 1). Defendant Bob Burt ("Defendant") filed his answer and counterclaim on February 5, 2010 (Doc. 25). Within the deadlines set by the Joint Status Report and Provisional Discovery Plan ("JSR") (Doc. 47), Plaintiffs sought leave to amend the complaint on April 28, 2010 (Doc. 63). The Court granted in part Plaintiffs' motion to amend on July 15, 2010 (Doc. 98), allowing them to assert four new causes of action, and Plaintiffs filed their amended complaint on July 29, 2010 (Doc. 108). On August 12, 2010, Defendant filed an answer to the amended complaint, along with his amended counterclaim (Doc. 110), which included four new counts. Plaintiffs moved to strike the amended counterclaim on the basis that it was filed without the Court's leave (Doc. 113). The Court granted the motion and struck the counterclaim (Doc. 127).

Defendant then filed a motion seeking leave of the Court to amend his counterclaim, which the Court denied on the bases of untimeliness, prejudice, and futility (Doc. 216). However, the Court has since granted Plaintiffs leave to file a Second Amended Complaint (Doc. 241) naming Misty Mountain as an additional defendant, which necessitated vacating the March trial setting (Doc. 248). In an order resulting from the February 7, 2011 hearing, the Court invited the parties to file briefs addressing reconsideration of the Court's denial of Defendant's motion to amend his Counterclaim (Doc. 240). The parties have now done so.

The original counterclaim set forth four causes of action. *See* Defendant Bob Burt's Counterclaim ¶¶ 18-34 (Doc. 25). The counterclaim dealt with frozen semen collected without Defendant's permission at Plaintiffs' farm beginning in 2006, and with the equine viral arteritis

disease which *Dash Ta Fame* contracted at Plaintiffs' farm in 2006. *Id.* ¶¶ 6-17. The amended counterclaim would involve allegations that Plaintiffs have derived income in the form of deposits and breeding fees from *Dash Ta Fame* without accounting for the same to Defendant since 1994, and three new causes of action based on these allegations. *See* Defendant Bob Burt's Amended Counterclaim ¶¶ 18, 30-40, 42, 45-49 (Doc. 110). Plaintiffs have withdrawn their opposition to the amended counterclaim insofar as it alleges that Plaintiffs surreptitiously collected, stored and sold frozen semen from *Dash Ta Fame*, but still oppose any allegations concerning unpaid breeding fees.

  In his original motion for leave to amend, Defendant argued that because the counterclaim as amended could not have been asserted on the basis of information known to Defendant at the time he filed the original counterclaim, he was entitled to assert these new claims against Plaintiffs based on information obtained after discovery. Plaintiffs objected to this request as untimely and argued that Defendant's "new" information was available to him at or before the inception of this lawsuit. They argued that they would be prejudiced if the request were granted, because additional discovery would be required on Defendant's amended counterclaim and the trial date would necessarily be delayed. The Court agreed, finding that "granting the motion would not only prejudice Plaintiffs, but also compromise judicial efficiency." Doc. 216 at 6. The Court also found that "Defendant should have known that he had a claim for an accounting against Plaintiffs as early as the end of 2009," *id.* at 5 (emphasis removed), and that "allowing Defendant to amend would be futile," *id.* at 7.

  Defendant now argues that untimeliness is not an issue, in light of the vacated trial setting and the necessity of extending the dispositive motions deadline, and possibly reopening discovery, due to the addition of Misty Mountain as a party. Defendant also argues that his

motion to amend is not futile. The Court agrees that untimeliness is no longer a factor, because the delay does not prejudice Plaintiffs. After a thorough review of oral arguments of counsel as well as the briefing in connection with the present motion and the original motion to amend, the Court now reconsiders its earlier finding that the proposed amendment to the counterclaim is futile.

## LEGAL STANDARD

"A motion to reconsider is appropriate when the court has obviously misapprehended a party's position or the facts or applicable law, or when the party produces new evidence that could not have been obtained through the exercise of due diligence." *Benedictine Coll. v. Century Office Prods.*, 866 F. Supp. 1323, 1326 (D. Kan. 1994); *see also United States v. Ibarra*, 920 F.2d 702, 706 n.3 (10th Cir. 1990), *vacated on other grounds*, 502 U.S. 1 (1999). "[E]very order short of a final decree is subject to reopening at the discretion of the district judge." *Price v. Philpot*, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005) (internal quotation marks omitted).

Rule 15(a) of the Federal Rules of Civil Procedure governs amendments to pleadings before trial, and permits an amendment to a pleading as a matter of course within 21 days of service of the pleading, *see* Fed. R. Civ. P. 15(a)(1)(A), or within 21 days of service of a responsive pleading or a motion under Rule 12, *see* Fed. R. Civ. P. 15(a)(1)(B). In all other circumstances, the court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). The grant or denial of leave to amend is a matter within the discretion of the trial court. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321,

330 (1971).

"A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Jefferson County Sch. Dist. No. R-1 v. Moody's Investor's Servs.*, 175 F.3d 848, 859 (10th Cir. 1999). A district court does not err, however, when it considers matters outside the pleadings, such as affidavits, depositions, or other documentary evidence. *Bauchman ex rel. Bauchman v. West High Sch.*, 132 F.3d 542, 561-62 (10th Cir. 1997). The First Circuit has helpfully explained the circumstances under which a court should demand evidence to support the proposed amendment:

> If leave to amend is sought before discovery is complete and neither party has moved for summary judgment, the accuracy of the "futility" label is gauged by reference to the liberal criteria of Federal Rule of Civil Procedure 12(b)(6). . . . If, however, leave to amend is not sought until after discovery has closed and a summary judgment motion has been docketed, the proposed amendment must be not only theoretically viable but also solidly grounded in the record. In that type of situation, an amendment is properly classified as futile unless the allegations of the proposed amended complaint are supported by substantial evidence.

*Hatch v. Dep't for Children, Youth & Their Families*, 274 F.3d 12, 19 (1st Cir. 2001) (citations omitted). In the present case, discovery has closed, multiple summary judgment motions have been filed, and Defendant should properly be expected to present evidence supporting the proposed amendment.

## DISCUSSION

Although the Court does not reconsider its earlier holding that Defendant "should have known" the basis for his counterclaims as soon as this lawsuit was filed, the factor of untimeliness is not as compelling when weighed against the lack of prejudice to the opposing party and the finding that the proposed claims are not futile. Prejudice is absent from the case at this stage, given that trial has already been delayed due to the adding of another party defendant

5

on motion of Plaintiffs. Moreover, after careful study of the arguments of counsel in this case, the Court believes the proposed amended counterclaim is not futile.

The basis for Defendant's claim is that the entries on Dr. Janis Murray's internal ledgers tracking the cooled semen that she shipped to mare owners do not exactly match the amount of breeding fees that Bob Burt received from Murray. Murray responds that, for various reasons,[1] she was not paid the full fee ($6500) for the shipped semen and therefore did not receive any money out of which to give Burt his share (62.5%). Burt does not present evidence to dispute that Murray was never paid the full breeding fee by the mare owner for each of the discrepancies he highlighted in his original motion to amend. He nonetheless contends that the breeding fee was *owing* each time Murray shipped cooled semen to a mare owner, pursuant to the contracts between him and Murray and the contracts between Murray and the mare owners. The conclusion of Burt's argument is that Murray owes Burt 62.5% of the $6500 breeding fee each time she shipped cooled semen whether or not the mare owners ever paid her $6500. The parties also dispute whether the booking fee ($1000) paid by mare owners to cover the cost of collecting and shipping the semen can be retained by Murray or must be divided between the parties.

As evidence for their claim, at oral argument counsel for the Burts referenced a statement

---

[1] As summed up by counsel, the reasons are:
Dr. Murray, as to each of the twelve mares, states that the discrepancies (a) are a result of the mare owners' stating the incorrect name of the mare that was bred and that as to all such incorrectly named mares, Bob Burt was paid his share; or (b) that the mare that did not become pregnant and elected not to seek a re-breed; or (c) that the mare did not become pregnant and the mare owner substituted a different mare for which the Burts were paid.
Pls.' Resp. at 7 (Doc. 247).

made by Murray that she never ships semen without collecting the full breeding fee.[2] Counsel also argued that under the agreement between Murray and Burt, Burt is entitled to his breeding fee if Dash Ta Fame is bred to a mare, and it doesn't matter whether the mare owner paid the fee or not. Although no documentary evidence (beyond conclusory assertions in affidavits) was produced to support this claim, the Murrays never dispute this contention in any detail. Murray does claim in her affidavit that "[a]lthough [the contract between Dr. Murray and the mare owners] states . . . that mare owners must pay a booking fee and the balance of the stud fee prior to shipment of semen, it was my practice to waive the requirement . . . for good *Dash Ta Fame* customers." Janis Spencer Murray Decl. ¶ 10 (Doc. 163-1). But nowhere do the Murrays present evidence to refute Burt's claim that the contracts[3] between him and Murray did not authorize her to waive the stud fee. Rather, the Murrays seem to simply assume that if they are not paid by the mare owners, they cannot owe Burt any money. Upon reconsideration, the Court believes that the resolution of this issue is not simple, and that Defendant should be permitted to litigate the merits of this claim.

Therefore, the Court finds that the proposed amendment is not futile. Of course, "[t]his conclusion in and of itself d[oes] not convert th[is] analysis into a ruling on summary judgment.

---

[2] The only relevant statement the Court can find made by Murray at the February 9, 2010 preliminary injunction hearing is: "[T]hey [the mare owners] owe the 6,500 before we ship semen, but if she doesn't have a live foal that year, then they get another try at about a year." Hearing Trans. at 37-38 (Doc. 159). Defendant has not pointed to any representations to the effect that "she does not ship cold semen unless she is paid."

[3] The annual breeding season contracts between Burt and Murray are not before the Court on this motion or the original motion to amend (Doc. 143). The Court notes that the parties disputed at the February 7 hearing the exact meaning of these contracts. The Court merely finds here that it would not be futile to assert the claim for an accounting, and does not make any findings with respect to the meaning of these contracts.

It simply provide[s] an alternative ground for application of the futility doctrine." *Bauchman*, 132 F.3d at 561-62. Plaintiffs therefore will not be precluded from challenging the sufficiency of Defendant's Amended Counterclaim in a dispositive motion. The Court will take up the matter of a briefing schedule and whether further discovery is warranted at the status conference proposed in the February 7th order (Doc. 240 at 4), to be held after Misty Mountain is served and has filed an answer to the Second Amended Complaint.

**THEREFORE, IT IS ORDERED THAT** Defendant Bob Burt's Motion for Reconsideration of Memorandum Opinion and Order Denying Defendant's Motion to Amend (Doc. 216) is GRANTED. Defendant shall have ten days from the entry of this order in which to file his Amended Counterclaim.

_____
UNITED STATES DISTRICT JUDGE