IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JANIS SPENCER MURRAY and
MAC MURRAY,

      Plaintiffs/Counter-Defendants,

v.                                            No. 09-CV-1150-WJ/RHS

BOB BURT and DARIAN BURT,

      Defendants/Counter-Claimants

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon the following motions filed by Defendants: Motion in Limine Regarding References to Conviction, filed December 28, 2011 **(Doc. 323)**; and Motion in Limine to Limit Testimony of F.E. "Butch" Wise at Trial, filed December 28, 2011 **(Doc. 324)**. Having considered the parties' briefs and the applicable law, I find that Defendants' motion related to Mr. Wise's testimony is denied to the extent that I find Mr. Wise is qualified to testify on the matters included in his report, and that these matters were sufficiently disclosed in that report. Defendant's motion regarding Mr. Burt's conviction is also denied, with the exception that evidence and testimony related to the details of Mr. Burt's underlying conviction and incarceration shall be EXCLUDED at trial.

**I.**     **Motion in Limine Regarding References to Conviction (Doc. 323)**.

Defendants request an Order from the Court to preclude any mention by Plaintiffs' attorneys and witnesses of matters relating to Bob Burt's 1995 felony conviction and arrest. In 1995, Mr. Burt was indicted for possession of a controlled substance with intent to distribute. He pleaded guilty, served time in prison, and forfeited property to the federal government.

Defendants contend that references to any matters pertaining to Mr. Burt's conviction and arrest are inadmissible, irrelevant and prejudicial under the Federal Rules of Evidence.

Plaintiffs have no problem with the exclusion of evidence about Mr. Burt's federal criminal conviction or the underlying charges pursuant to Rule 609 for impeachment purposes. However, they do not agree to the exclusion of testimony and evidence related to Mr. Burt's debt to the federal government in fines and asset forfeiture installment payments which was a result of his criminal conviction.

In 1997, the parties executed an agreement consisting of two pages by which Dr. Murray purchased a 10% ownership in *Dash Ta Fame*. The discussion and sale of the 10% interest was facilitated by a mutual friend, Bob Slingerland. The first part of the agreement was entered into in June 1997 and drafted by Dr. Murray. In October of that same year, Bob Burt and Dr. Murray signed another written agreement, which was drafted and prepared by Mr. Slingerland. At the time he sold Dr. Murray the 10% interest in the horse, Mr. Burt owed the government $100,000 in fines and $150,000 in asset forfeiture installment. At one point, he requested a relief from the fine, on the basis that his income from his quarter horse business was insufficient to pay off the debt. Plaintiffs contend that Mr. Burt's need to quick cash and desire to minimize written documentation of the sale of 10% interest is inextricably intertwined to Plaintiffs' claims in this case. According to Plaintiffs, in exchange for paying the purchase price in cash, Mr. Burt reduced the price from $60,000 to $40,000, required a $5000 cash down payment, and orally promised that the stallion would continue to stand at Plaintiffs' farm. Mr. Burt denies both that he demanded cash for the sale of the 10% interest, and that he made such a promise. Plaintiffs contend that evidence and testimony concerning Mr. Burt's motivation for quick cash, in order to reduce his debt to the federal government, is relevant to the parties' transactions at issue in

this case.  They intend to introduce statements made by Mr. Burt, and by Mr. Slingerland concerning statements made to him by Mr. Burt.  Plaintiffs also wish to offer certain documents which appear to be official documents relating to the Orders and Judgment of Forfeiture entered against Mr. Burt from the United States District Court for the District of Utah.

Mr. Burt's need for quick cash and his incentive to minimize his verifiable income make it more likely that Mr. Burt insisted that Dr. Murray pay cash for her 10% interest in the horse, that he promised Dr. Murray that she could stand horse at her farm for the life of the horse, and that he tried to keep the paperwork for the transaction to a minimum.  I find that the fact of Mr. Burt's forfeiture, fine and efforts to obtain relief from that fine are all relevant to the jury's assessment of the parties' respective rights and obligations under the Two Page Agreement. Thus, Defendants' motion is denied, with the exception that evidence and testimony related to the details of Mr. Burt's underlying conviction and incarceration shall be EXCLUDED at trial.

## II.  Motion in Limine to Limit Testimony of F.E. "Butch" Wise (Doc. 324)

Defendants seek a Court Order limiting the testimony of Plaintiffs' expert, Mr. Wise, who will testify as to the value of *Dash Ta Fame*.  According to Defendants, Mr. Wise utilized the "income approach" method to arrive at a value, focusing on the following factors: (1) *Dash Ta Fame's* ability to breed to mares during his breeding life using fresh and cooled semen; (2) the value of existing straws of frozen semen and (3) the value of "projected" straws of frozen semen that did not exist, but which would be expected to be collected in the future.  Defendants seek to limit the testimony to those categories only, contending that Mr. Wise should be precluded from testifying on the following categories:(1) standards regarding horse breeding; (2) collection and sale of horse semen; (3) Plaintiffs' or any other person's breeding of *Dash Ta Fame*; (4) any claimed decrease in sales prices in *Dash Ta Fame* yearlings since *Dash Ta Fame*

began standing at Smart Ranches; (5) any claimed decrease in the quality of *Dash Ta Fame's* semen since standing at Smart Ranches; and (6) any other testimony that is not otherwise limited to Mr. Wise's written report (collectively "Matters (1)-(6)").[1]

Defendants contend that Plaintiffs' failure to comply with Rule 26(a)(2) in disclosing a complete statement of Mr. Wise's opinions and in supplementing his initial report, would prejudice them at trial.  Defendants also raise what appears to the Court to be a *Daubert* challenge—a mere week away from trial in a case that has been hanging on the Court docket for longer that the Court would like to remember.  Specifically, Defendants claim that Mr. Wise lacks the knowledge, skill, experience, training or education required to have his opinion rendered admissible under Fed. R.Evid. 702 on these categories which they seek to exclude either because he is not a veterinarian, or because there is insufficient data to form opinions on the categories in which Defendants seek to preclude testimony.

Plaintiffs claim that Defendants' objections are vague and general and that the motion should be denied because some of the subject matter which Defendants seek to exclude are well within Mr. Wise's expertise and also within the information contained in the expert report. Plaintiffs' argument is well-taken.  Mr. Wise's Curriculum Vitae states that his occupation is a "stallion farm management consultant."  Ex. A.   Plaintiffs intend to offer Mr. Wise's testimony only on limited areas within the categories.  For example, in categories (1), (3) and (4), dealing with standards of horse breeding and yearling sales prices, Plaintiffs intend to offer Mr. Wise's testimony on the impact of the moving of *Dash Ta Fame* from Plaintiffs' farm in New Mexico to

---

[1] The sixth category appears to seek to limit Mr. Wise's testimony to categories 1 through 6, while at the same time *precluding* testimony on those same areas.  The Court assumes that the purpose of Defendant's motion is to limit Mr. Wise's testimony solely to an appraisal of the stallion which is given in the expert report.

Smart Ranches in California.  Mr. Wise did consider this in his report.  Ex. B at 8-9.  Plaintiffs claim that Mr. Wise will not testify about horse semen collection techniques, protocols and process.  Therefore, Defendants' challenge concerning categories (2) and (5), dealing with horse semen quality and collection, is well-taken, but moot.  However, Plaintiffs point out that Mr. Wise has considered the stallion's appraised value in his report, which includes some discussion of the value of semen collected, as opposed to the technique of semen collection or scientific details.

The Court finds no merit to Defendants' challenge based on Fed.R.Evid. 402 and 402.  These matters are central to the issues being tried, and such testimony satisfies a Rule 403 balancing inquiry.  Thus, given the limited nature of the proposed expert testimony within the challenged categories, I find that Mr. Wise is qualified to testify on the matters included in his report, and that these matters were sufficiently disclosed in that report.

**THEREFORE,**

**IT IS ORDERED** that Defendants' Motion in Limine Regarding References to Conviction **(Doc. 323)** is hereby DENIED, with the exception that evidence and testimony related to the details of Mr. Burt's underlying conviction and incarceration shall be EXCLUDED at trial;

**IT IS FURTHER ORDERED** that Defendants' Motion in Limine to Limit Testimony of F.E. "Butch" Wise at Trial **(Doc. 324)** is hereby DENIED in that I find Mr. Wise is qualified to testify on the matters included in his report, and that these matters were sufficiently disclosed in that report.

_____
UNITED STATES DISTRICT JUDGE