**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

———————————

JANIS SPENCER MURRAY and
MAC MURRAY,

        Plaintiffs/Counter-Defendants,

    v.                                     No. 09-CV-1150-WJ/RHS

BOB BURT,

        Defendant/Counter-Claimant.

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR**
**INCLUSION OF JUDGMENT LANGUAGE FOR CLARIFICATION**
**AND FOR IMPOSITION OF CONSTRUCTIVE TRUST**

       THIS MATTER comes before the Court upon Plaintiff's Motion for Inclusion of

Judgment Language to Clarify that Certain Future Breach of Contract Claims are not Barred and

for Imposition of a Constructive Trust, filed February 15, 2012 (**Doc. 393**).  Having considered

the parties' briefs and the applicable law, I find that Plaintiffs' motion is not well-taken and shall

be denied.

**Background**

       After a five-day trial, a jury returned a verdict in this case in which it found no liability or

damages, as to both Plaintiffs' claims and Defendant's counterclaims.  The instant motion is

related to the jury's findings on Plaintiff's breach of contract claim.  On Question No. 8 in the

Special Verdict Form (Doc. 377), the jury was asked, "Did Bob Burt breach the 1997 purchase

agreement by failing to pay Janis Murray 10% of the money that Bob Burt received for standing

the stallion at the Temecula, California stallion breeding farm in 2010 and 2011?"  The jury

answered in the negative.  Defendant's defense on this claim was the grounds that the claim was

premature because the 2011 accounting had not yet been completed at the time of trial.

Plaintiff now asks the Court to clarify the judgment that future breach of contract claims by Defendant, namely payment for the 2011 breeding season, are not precluded by the judgment in this lawsuit should Defendant breach his contractual obligation after the date of the jury verdict. Plaintiff also seeks the imposition of a constructive trust on 10% of both the breeding fees and pertinent documentation received by Mr. Burt prior to and after the jury verdict.

Defendant does not dispute that he was obligated to pay 10% of the breeding fees to Dr. Murray, nor does he dispute that the verdict does not bar Plaintiff from pursuing a future breach, should such a breach occur. *See Board of County Commissioners of County of San Miguel v. City of Las Vegas*, 95 N.M. 387, 388, 622 P.2d 695, 696 (1980) ("a judgment against a party because the cause of action was prematurely brought will not bar a subsequent action when the right of action becomes complete"); *Lawlor v. National Screen Serv. Corp.*, 349 U.S. 322, 328 (1955) (holding that while a prior "judgment precludes recovery on claims arising prior to its entry, it cannot be given the effect of extinguishing claims which did not even then exist and which could not possibly have been sued upon in the previous case"); *cmp. Prospero Assocs. v. Burroughs Corp.*, 714 F.2d 1022, 1027 (10th Cir. 1983) (breach of contract claim was barred by res judicata because it was "uncontroverted" that damages alleged in second lawsuit "had accrued" at the time first lawsuit was filed).

Plaintiffs are asking the Court to clarify a right which both parties acknowledge. While Plaintiffs assert that Defendant has not offered any real reason why judgment should not include the proposed clarifying language, the Court notes that Plaintiffs have not provided the Court with a sufficient reason to include the language "just in case" Mr. Burt decides to breach the contract by not paying Dr. Murray her 10% of the 2011 breeding fees. Moreover, the clarification would

not be directed toward any wrongful conduct which has actually been alleged, but rather would amount to an advisory opinion on what *may become* alleged conduct in the future.

Similarly, the Court sees no need to impose a constructive trust in order to prevent an injustice to Plaintiffs in being able to collect on a future potential breach of contract claim. Defendant opposes the idea of a constructive trust, contending that such a trust is proper only when wrongful conduct has occurred. Plaintiffs argue that a constructive trust is also appropriate as a means to prevent wrongful conduct from occurring. Both arguments are correct, but this situation falls somewhere in the middle, because the wrongful conduct Plaintiffs seek to prevent has not even been alleged. A constructive trust is not appropriate to prevent a wrong that Plaintiffs can only speculate might happen in the future. *See, e.g., Tartaglia v. Hodges*, 129 N.M. 497, 510, 10 P.3d 176, 189 (N.M.App., 2000) (In general, a constructive trust "can be imposed based upon the 'breach of any legal or equitable duty,' or the 'commission of a wrong.'"); *see also City of Rio Rancho v. Amrep Southwest Inc.*, 260 P.3d 414, 428 (N.M. 2011) (noting that a court "will impose a construct trust to prevent the unjust enrichment. . ." but denying imposition of constructive trust where court found "no grounds in the evidence" to justify it).[1]

The Court is empathetic to Plaintiffs' situation. According to the exhibits presented by

---

[1] While the Court agrees with Defendant that a constructive trust is not appropriate here, the Court rejects Defendant's argument that remaining offsets for money which Dr. Murray owes Mr. Burt may resolve the issue. A possible offset does not justify Mr. Burt holding on to money which is owed to Plaintiffs. As Plaintiffs note, the Court rejected a similar argument advanced by Plaintiffs in 2010 when the Plaintiffs contended that funds which they had placed in the Court registry should not be released because of a potential offset. The Court ruled that Mr. Burt should receive immediate access to his share of proceeds from the 2009 breeding season, regardless of an offset that would be applied. *See* Doc. 88 at 5-6). The Court sees no reason to apply a different reasoning when the tables are turned.

Plaintiffs in the Reply, Mr. Burt has received over $500,000 in fees during 2011 from Smart Ranches.  It has been two months since the trial, but Dr. Murray has yet to receive any amount due on the 2011 breeding season.   Defendants do not provide any information in their response as to the reason for the delay in payment on the 2011 breeding season and the Court can only assume that the final tally for amounts receivable and payable on the 2011 breeding season has still not been finalized.  The parties recently negotiated a partial settlement in this case, resolving most of the outstanding issues.  Doc. 417.  This case has suffered a contentious and protracted course of litigation, and it would be unfortunate to have the matter of the 2011 breeding fees prevent the case from a final resolution between the parties.

**THEREFORE,**

**IT IS ORDERED** that Plaintiff's Motion for Inclusion of Judgment Language to Clarify that Certain Future Breach of Contract Claims are not Barred and for Imposition of a Constructive Trust (**Doc. 393**) is hereby DENIED, for the above-described reasons.

_____
UNITED STATES DISTRICT JUDGE