IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JANIS SPENCER MURRAY and
MAC MURRAY,

      Plaintiffs,

v.                                                                                                  No.  09-cv-1150 WJ/RHS

BOB BURT, et al.,

      Defendants.

### ORDER TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED UNDER RULE 11 or 28 U.S.C. § 1927
### and
### NOTICE OF HEARING ON ORDER TO SHOW CAUSE

THIS MATTER is before the Court on Defendant Misty Mountain Ranch, LLC's Motion for Rule 11 Sanctions [Doc. 368] ("Motion").  The Motion was referred to the undersigned by The Honorable William P. Johnson, United States District Judge.  Order of Reference of Motion in Civil Case [Doc. 397].  Judge Johnson requested that I conduct hearings, perform legal analysis, and recommend an ultimate disposition on, *inter alia*, the Motion. *Id.*

Rule 11 expressly requires a party moving for sanctions to first serve the motion on the opposing party and give him twenty-one days to correct the alleged deficiency before filing the motion with the court.  FED. R. CIV. P. 11(c)(2).  The court will not grant a motion when the moving party has failed to comply with this "safe-harbor" provision. *Roth v. Green*, 466 F.3d 1179, 1192 (10th Cir. 2006).  Misty Mountain Ranch, LLC ("MMR") did not serve a copy of the motion on

Plaintiffs prior to moving for Rule 11 sanctions.  Plaintiffs' Response [Doc. 385] at 3.  Therefore, I will not recommend that MMR's motion be granted.

Nonetheless, the allegations raised in MMR's motion are sufficiently serious to warrant an inquiry by the Court. The Court may impose sanctions sua sponte after notifying the attorney or party of the conduct at issue and providing him or her with an opportunity to be heard. FED. R. CIV. P. 11(c); *White v. GM Corp.*, 908 F.2d 675, 686 (10th Cir. 1990).  I am considering recommending that sanctions be awarded against Plaintiffs and Plaintiffs' counsel under Rule 11 or 28 U.S.C. § 1927 for the conduct alleged in MMR's motion.  *See* Motion [Doc. 368]; *see also Steinert v. Winn Group, Inc.*, 440 F.3d 1214, 1223 (10th Cir. 2006) ("Unlike Rule 11, the application of § 1927 may become apparent only at or after the litigation's end," and thus "§ 1927 sanctions are not untimely if sought or imposed after final judgment.").

**IT IS THEREFORE ORDERED** that Plaintiffs and Plaintiffs' counsel show cause why the Court should not impose sanctions on them.

**IT IS FURTHER ORDERED THAT** the show cause hearing will be held on **Friday, May 4, 2012, at 9:30 a.m.** in the **Doña Ana Courtroom (3d Floor, South Tower)** of the United States Courthouse and Federal Building, **100 North Church Street, Las Cruces, N.M.**  Plaintiffs and their counsel must appear personally.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**