## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

JANIS SPENCER MURRAY
and MAC MURRAY,

      Plaintiffs,

      v.                                Case No. 09-cv-1150-WJ/RHS

BOB BURT, DARIAN BURT,
SELECT BREEDERS SOUTHWEST,
and SMART RANCHES,

      Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFFS' MOTION FOR ORDER REGARDING STALLION AWARDS, and ORDER REGARDING STALLION AWARDS

THIS MATTER comes before the Court upon Plaintiffs' Motion for Order Regarding

Stallion Awards, filed February 21, 2012 **(Doc. 394)**.  Having considered the parties' briefs and

the applicable law, I find that Plaintiffs' motion is well-taken and therefore is granted.

### Background

Plaintiffs move the Court to enter an Order which concerns annual Stallion Breeding

Agreements entered into by the parties.  The agreement provided that Dr. Murray and Mr. Burt

would evenly split awards won by stallions, as well as any associated advertising costs.  Pltffs'

Trial Exhibit 2.[1]   The parties differed with regard to their interpretations of the agreement.

---

[1] Parties refer to Trial Exhibit 2, and also to Trial Exhibit 93, which was a listing of
stallion awards for the years 2009 - 2011.  Neither party, however, has furnished the Court with
any copies of these exhibits in their pleadings, apparently overlooking the fact that all trial
exhibits were returned to counsel at the end of the trial. *See* Doc. 375.  The Court relies on the
parties' representations regarding the content of such exhibits, since neither party contests any of

During trial, the Court ruled that Plaintiffs' interpretation of the agreement was legally correct: the provision applied to stallion awards generated by foals bred during the breeding season for which a particular annual Stallion Breeding Agreement was in place, and that their entitlement to a 50% share of the prizes and awards realized from any horse so bred would continue for as long as the horse was racing irrespective of whether the parties entered Stallion Breeding Agreements for *Dash Ta Fame* in subsequent years. *See* Doc. 402 at 256 (Trial Transcript).

## Discussion

Based on the motion and response, the parties agree on the following:

(1) Plaintiffs and Defendant are each entitled to 50% of all stallion awards generated by foals bred to *Dash Ta Fame* during the 2009 and prior breeding seasons;

(2) Plaintiffs and Defendant are each entitled to 50% of the $43,016.39 in stallion awards for the years 2009-2011 shown on Plaintiffs' Trial Exhibit 93;

(3) For stallion awards received by Defendant during the year 2012 and subsequent years from the progeny of *Dash Ta Fame* bred during 2009 and prior years, Defendant shall account to and pay Plaintiffs for their 50% share of such stallion awards no later than 45 days following December 31 of each year.[2] Each accounting shall include the name of the horse that earned the award and at least the information shown on Plaintiffs' Trial Exhibit 93.

(4) Plaintiffs are entitled to 100% of any stallion breeding awards generated by *Dash Ta Fame* progeny bred with Plaintiffs' share of frozen semen. Defendant is entitled to 100% of any stallion breeding awards generated by *Dash Ta Fame* progeny bred with Defendant's share of

those representations.

[2] Plaintiffs initially requested an accounting within 15 days after each year, but has conceded to the 45 days requested by Defendant.

frozen semen.

Plaintiffs and Defendant disagree on two points regarding the appropriate division of stallion awards: (1) whether the Court should order Mr. Burt to pay Plaintiffs their 50% share of any stallion awards received by Mr. Burt from 2009- 011 but not shown on Trial Exhibit 93; and (2) whether Plaintiffs are entitled to 10% of any stallion awards generated by horses bred to *Dash Ta Fame* at Smart Ranches during the 2010 and 2011 breeding seasons using fresh or cooled semen.

## I.      Plaintiffs' Entitlement to Awards Not Listed on Trial Exhibit 93

Defendant contends that Plaintiffs' request to divide any awards for 2009-2011 that are not shown on Exhibit 93 is based on speculation, since Plaintiffs have not shown any evidence that such awards exist.  The total of the awards listed on Trial Exhibit 93 is $43,016.39, to which Plaintiffs are entitled to half (which is the sum of $21,508.20).

Pursuant to the Stallion Breeding Agreements entered into by the parties, Plaintiffs are entitled to any and all awards generated by *Dash Ta Fame*'s foals during their racing lifetimes, whether or not the awards are listed on Trial Exhibit 93.   Mr.  Burt asserts that he received no stallion awards during 2009-2011 that are not shown on Trial Exhibit 93.  Unless such awards actually exist and have not been disclosed, Defendant should not oppose the Court's entry of an Order equally dividing the net amount of all awards to which Plaintiffs are entitled.[3]  Plaintiffs' right to these awards is not speculative, but is based on the Stallion Breeding Agreements between the parties.

---

[3]  The Court agrees with Defendant that the parties' entitlement to any awards should be based upon the net amount of any awards, after deducting all expenses associated with obtaining any awards.

II.     **Plaintiffs' Entitlement to 10% of Stallion Awards**

Plaintiffs contend they are entitled to 10% of any stallion awards generated by horses bred to *Dash Ta Fame* at Smart Ranches during the 2010 and 2011 breeding seasons using fresh or cooled semen.

The question is a simple one.  If Mr. Burt had not sold Dr. Murray an ownership interest in *Dash Ta Fame*, he would have no trouble arguing that he is entitled to 100% of such awards, simply because he owns the stallion who breeds the award-winning foals.  Similarly, as part-owner of the stallion, Dr.  Murray is entitled to 10% of stallion awards, whether or not there was a Stallion Breeding Agreement in place.  The fact that Dr.  Murray is also entitled to 50% of any awards as a result of breeding season agreements, is merely coincidental to the fact that she happens to be the same individual who has a 10% ownership interest in *Dash Ta Fame*.   The Court agrees with Plaintiffs that Defendant's references to Plaintiffs' use of more than 10% of the EVA negative frozen semen at MJ Farms have no bearing on this second issue.  The parties recently resolved their differences with respect to frozen semen.  *See* Doc. 415, Notice of Partial Settlement.  Thus, the issue of whether Plaintiffs are entitled to 10% of stallion awards for 10% is discrete from any issue involving frozen semen.

Accordingly, by virtue of Dr.  Murrary's ownership interest, Plaintiffs are entitled to 10% of any stallion awards generated by horses bred to *Dash Ta Fame* at Smart Ranches during the 2010 and 2011 breeding seasons using fresh or cooled semen.

**THEREFORE,**

**IT IS ORDERED** that Plaintiffs' Motion for Order Regarding Stallion Awards **(Doc. 394)** is hereby GRANTED for the above-described reasons;

**IT IS FURTHER ORDERED,** based on the above findings:

(1) Plaintiffs and Defendant are each entitled to 50% of all stallion awards generated by foals bred to *Dash Ta Fame* during the 2009 and prior breeding seasons;

(2) Plaintiffs and Defendant are each entitled to 50% of the $43,016.39 in stallion awards for the years 2009-2011 shown on Plaintiffs' Trial Exhibit 93;

(3) For stallion awards received by Defendant during the year 2012 and subsequent years from the progeny of *Dash Ta Fame* bred during 2009 and prior years, Defendant shall account to and pay Plaintiffs for their 50% share of such stallion awards no later than 45 days following December 31 of each year. Each accounting shall include the name of the horse that earned the award and at least the information shown on Plaintiffs' Trial Exhibit 93;

(4) Plaintiffs are entitled to 100% of any stallion breeding awards generated by *Dash Ta Fame* progeny bred with Plaintiffs' share of frozen semen. Defendant is entitled to of any stallion breeding awards generated by *Dash Ta Fame* progeny bred with Defendant's share of frozen semen;

(5) To the extent Defendant has received additional stallion awards for th years 2009-2011 not shown on Exhibit 93, Plaintiffs are entitled to 50% of such awards and Defendant shall pay Plaintiffs their share within 30 days from entry of the Order; and

(6) Plaintiffs are entitled to 10% of any stallion awards generated by horses bred to *Dash Ta Fame* with fresh or cooled semen at Smart Ranches during the 2010 and 2011 breeding seasons. Defendant shall account to and pay Plaintiffs for their 10% share of such stallion awards at the time as Defendant accounts to and pays Plaintiffs for their 50% share of stallion awards received by Defendant during the year 2012 and subsequent years.

_____
UNITED STATES DISTRICT JUDGE