**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

JANIS SPENCER MURRAY and
MAC MURRAY,

      Plaintiffs,

v.                                                                     No. 09-cv-1150 WJ/RHS

BOB BURT, et al.,

      Defendants.

**MAGISTRATE JUDGE'S
PROPOSED FINDINGS AND RECOMMENDED DISPOSITION
OF
DEFENDANT MISTY MOUNTAIN
RANCH'S MOTION FOR LEAVE TO SUBMIT
TIME SHEETS FOR IN CAMERA REVIEW**

By **Order of Reference of Motion in Civil Case** [Doc.397], entered February 24, 2012, this matter was referred to the undersigned to conduct hearings as warranted, and to perform any legal analysis required to recommend to the District Judge an ultimate disposition regarding certain motions. For the reasons stated below, the Court provides this interim recommendation to **grant in part and deny in part** Defendant Misty Mountain Ranch, LLC's Motion For Leave To Submit Time Sheets for *In Camera* Review [Doc. 369] ("Motion for Leave"), filed January 13, 2012.

**I. BACKGROUND**

This case arose out of a dispute between the co-owners of a quarter horse, *Dash Ta Fame*. Plaintiffs alleged that Defendant Bob Burt, the majority interest owner, failed to pay them their share of revenue from *Dash Ta Fame's* earnings, whether from the sale of frozen semen that has been

collected and stored, or otherwise attributable to profits flowing from Plaintiffs' 10% ownership in *Dash Ta Fame*.

Plaintiffs filed their initial complaint on December 7, 2009. Misty Mountain Ranch LLC ("MMR") was not named as a party. On October 13, 2010, Plaintiffs moved to join MMR as a party defendant, arguing that MMR held a beneficial interest in the horse. *See* Motion To Join MMR as a Party Defendant [Doc. 130]. The Court granted the motion to join MMR as a party based on evidence presented by Plaintiffs at the time. *See* Memorandum Opinion and Order Granting Plaintiffs' Motion to Join Misty Mountain Ranch, LLC, as a Party Defendant [Doc. 173]. Shortly thereafter, the Court vacated the first trial setting, primarily as a result of MMR's joinder. *See* Order Resulting from February 27, 2011 Hearing [Doc. 240].

Plaintiffs filed their Second Amended Complaint [Doc. 241] naming MMR as a defendant on February 8, 2012. Among other things, Plaintiffs alleged that MMR had violated the New Mexico Unfair Practices Act ("UPA"), NMSA 1978 §§ 57-12-1 to -26. On March 7, 2011, MMR filed its Answer and Counterclaim [Doc. 253]. MMR's counterclaim included, among others, claims for breach of contract; accounting; breach of covenant of good faith and fair dealing; negligent and intentional misrepresentation; breach of fiduciary duty; embezzlement; intentional interference with contractual relations; and conspiracy. *Id*. A great deal of discovery and motion practice followed.

On October 14, 2011, Plaintiffs moved for summary judgment on MMR's counterclaim [Doc. 274]. In their motion Plaintiffs argued that MMR lacked standing to assert affirmative claims against them because it was "undisputed" that MMR was not a party to any of the agreements between the Plaintiffs and the other defendants. *See* Plaintiffs' Motion for Summary Judgment on

Misty Mount Ranch, LLC's Counterclaims [Doc. 274] at 6. In its December 15, 2011 order, the Court noted that Plaintiffs' position in their motion for summary judgment was "the diametrically opposite position" from that which they had taken in their motion to join MMR as a defendant. Memorandum Opinion and Order Ruling on Pending Dispositive Motions [Doc. 311] at 9. The Court denied the motion for summary judgment, dismissed with prejudice all of Plaintiffs' claims against MMR, and vacated its previous order joining MMR as a defendant. *Id.* at 16–17.

MMR has filed a Motion For Attorney Fees and Costs Pursuant to Rule 54 and the New Mexico Unfair Practices Act [Doc. 370]. A party charged with a deceptive trade practice under the UPA is entitled to an award of attorney fees and costs if the court finds that "the party complaining of such trade practice brought an action that was groundless." NMSA 1978 § 57-12-10(c). In its Motion for Leave, MMR seeks permission to submit its attorneys' time sheets for in camera review rather than of record. [Doc. 369]. Alternatively, MMR asks that it not be required to submit the time sheets until the Court has ruled on whether attorney fees will be awarded. *Id*.

## II. Discussion

To determine a reasonable attorneys fee, the Court must first arrive at a "lodestar" figure by multiplying the number of hours reasonably spent on the litigation by a reasonable hourly rate. *Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1250 (10th Cir. 1998). The party requesting the fees has the burden of proving that the hours expended were reasonably necessary for each task, usually "by submitting meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks." *Id.*

> After examining the specific tasks and whether they are properly chargeable, the district court should look at the hours expended on each task to determine if they are reasonable.
>
> In determining what is a reasonable time in which to perform a given task or to prosecute the litigation as a whole, the court should consider that what is reasonable in a particular case can depend upon facts such as the complexity of the case, the number of reasonable strategies pursued, and the responses necessitated by the maneuvering of the other side. Another factor the court should examine in determining the reasonableness of hours expended is the potential duplication of services. For example, if three attorneys are present at a hearing when one would suffice, compensation should be denied for the excess time. The court can look to how many lawyers the other side utilized in similar situations as an indication of the effort required.
>
> The district court may also reduce the reasonable hours awarded if the number of compensable hours claimed by counsel includes hours that were unnecessary, irrelevant and duplicative.

*Id.* (internal citations, alterations, and quotation marks omitted).

The Court cannot make an informed decision regarding the reasonable necessity of hours expended on any particular task without the meticulous time records contemplated by *Case* and by D.N.M.LR-Civ. 54.5. MMR argues, however, that the time records contain attorney-client communications, and that disclosing them would waive the attorney-client privilege. MMR's Motion for Leave [Doc.369] at 2. MMR also argues that the records contain protected attorney work-product information, including "the nature of legal research, the dates and purposes of meetings with clients and other individuals, and the subject matter of strategy discussions among the attorneys on the case." *Id.* at 3. While the Court is sympathetic to MMR's concerns, the Court recommends denial of MMR's request for in camera inspection for the following reasons.

First, the situation here is unlike that in *Murphy v. Gorman*, 271 F.R.D. 296 (D.N.M. 2010), a case cited and relied upon by MMR. In *Murphy*, the beneficiaries of a trust had sued the trustee, seeking, among other things, immediate distribution of the trust assets. In response to threatened litigation by the beneficiary, the trustee hired the Keleher firm to provide legal advice and to file a "pre-emptive" action for declaratory judgment seeking a declaration of the proper construction of the trust agreement. *Id*. The beneficiary served a subpoena on the Keleher firm for its entire files relating to the trust and, specifically, "documents evidencing or memorializing communications between [the Keleher firm and the trustee]." *Id*. at 299.  The trustee moved to quash the subpoena. The Honorable James Browning, United States District Judge, granted the motion, finding that the requested documents were protected by either the attorney-client privilege or the attorney work-product doctrine. *Id.* at 322.

Thus, in *Murphy*, the beneficiary sought to obtain attorney-client and work-product documents as discovery on issues presumed to be addressed in the documents, i.e., the trustee's and his attorneys' interpretation of the trust document.  In other words, the beneficiary sought the attorneys' records in connection with the litigation for which the attorneys had been retained. Here, however, Plaintiffs are not seeking MMR's attorney records for purposes of litigation between Plaintiffs and MMR. MMR is seeking an award of attorney fees. Thus, it is MMR who has placed the time records in dispute.

Second, the Court knows from its own experience in private practice that time records rarely reflect the substance of attorney-client conversations in any great detail.  While "discussed motion with client" is common, it would be exceedingly rare to see, "The client told me he has little

confidence in the motion." And in the event a time entry does contain a true attorney-client communication, counsel may redact enough of the entry to preserve attorney-client privilege or work-product protection. *See Radian Asset Assurance, Inc. v. Coll. of the Christian Bros. of N.M.*, 2010 U.S. Dist. LEXIS 127396 (D.N.M. 2010) (allowing submission of redacted billing records in support of a claim for attorney's fees); *but see Ideal Elec. Sec. Co. v. Int'l Fid. Ins. Co.*, 129 F.3d 143, 152 (D.C. Cir. 1997) (holding that an attorneys' fees request waives the attorney-client privilege with respect to billing statements).

Finally, in the event the Court does award attorneys fees (which has not yet been decided), Plaintiffs must be afforded the opportunity to object to the Court's recommendations. *See* 28 U.S.C. § 636(b)(1)(c). Plaintiffs cannot possibly challenge meaningfully the Court's findings without seeing the actual "meticulous, contemporaneous time records" on which the Court's recommendations will be based.

On the other hand, the Court agrees that it is reasonable to allow MMR to wait to produce the time records until after the Court has ruled on MMR's Motion for Attorney Fees and Costs. Although the Court does not believe that redacting the time records will take an inordinate amount of time, there is no sense in requiring MMR to incur the cost of that effort until the Court decides whether to award attorneys fees.

**WHEREFORE,**

**IT IS RESPECTFULLY RECOMMENDED** that MMR's Motion for Leave to Submit Time Sheets for In Camera Review [Doc. 369]be **granted in part and denied in part**.

   A.   The Court recommends that MMR not be required to submit its attorney's time records until the Court issues its recommended resolution of MMR's Motion for

   Attorneys Fees and Costs [Doc. 370], and not unless the Court recommends the award of attorneys fees.

B.   The Court further recommends that MMR's request to submit its attorneys' time records for in camera review be denied.

C.   The Court further recommends that, in the event the Court recommends an award of attorney fees in favor of MMR, that MMR be allowed to redact its attorneys time records sufficiently to preserve attorney-client privilege or work-product protection, MMR to bear the cost and expense of any such redaction.

---

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1)(c). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

---

              _____
              **STEPHAN M. VIDMAR**
              **United States Magistrate Judge**