IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JANIS SPENCER MURRAY and
MAC MURRAY,

     Plaintiffs,

v.                                                                    No.  09-cv-1150 WJ/RHS

BOB BURT, et al.,

     Defendants.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION OF DEFENDANT MISTY MOUNTAIN RANCH'S MOTION FOR FOR COSTS

By **Order of Reference of Motion in Civil Case** [Doc.397], entered February 24, 2012, this matter was referred to the undersigned to conduct hearings as warranted, and to perform any legal analysis required to recommend to the District Judge an ultimate disposition regarding certain motions.  For the reasons stated below, the Court provides this interim recommendation to **grant in part and reserve ruling in part** on  Defendant Misty Mountain Ranch, LLC's Motion For Costs and Attorney Fees Pursuant to Rule 54 and the New Mexico Unfair Practices Act [Doc. 370] ("Motion for Costs"), filed January 13, 2012.

### I. BACKGROUND

This case arose out of a dispute between the co-owners of a quarter horse, *Dash Ta Fame*. Plaintiffs alleged that Defendant Bob Burt, the majority interest owner, failed to pay them their share of revenue from *Dash Ta Fame's* earnings, whether from the sale of frozen semen that has been

collected and stored, or otherwise attributable to profits flowing from Plaintiffs' part ownership in *Dash Ta Fame*.

Plaintiffs filed their initial complaint on December 7, 2009. Misty Mountain Ranch LLC ("MMR") was not named as a party. On October 13, 2010, Plaintiffs moved to join MMR as a party defendant, arguing that MMR held a beneficial interest in the horse. *See* Motion To Join MMR as a Party Defendant [Doc. 130]. The Court granted the motion to join MMR as a party based on evidence presented by Plaintiffs at the time. *See* Memorandum Opinion and Order Granting Plaintiffs' Motion to Join Misty Mountain Ranch, LLC, as a Party Defendant [Doc. 173]. Shortly thereafter, the Court vacated the first trial setting, primarily because of MMR's joinder. *See* Order Resulting from February 27, 2011 Hearing [Doc. 240].

Plaintiffs filed their Second Amended Complaint [Doc. 241] naming MMR as a defendant on February 8, 2012. Among other things, Plaintiffs alleged that MMR had violated the New Mexico Unfair Practices Act ("UPA"), NMSA 1978 §§ 57-12-1 to -26. On March 7, 2011, MMR filed its Answer and Counterclaim [Doc. 253]. MMR's counterclaim included, among others, claims for breach of contract; accounting; breach of covenant of good faith and fair dealing; negligent and intentional misrepresentation; breach of fiduciary duty; embezzlement; intentional interference with contractual relations; and conspiracy. *Id*. A great deal of discovery and motion practice followed.

On October 14, 2011, Plaintiffs moved for summary judgment on MMR's counterclaim [Doc. 274]. In their motion, Plaintiffs argued that MMR lacked standing to assert affirmative claims against them because it was "undisputed" that MMR was not a party to any of the agreements between the Plaintiffs and the other defendants. *See* Plaintiffs' Motion for Summary Judgment on

Misty Mount Ranch, LLC's Counterclaims [Doc. 274] at 6. In its December 15, 2011 order, the Court noted that Plaintiffs' position in their motion for summary judgment was "the diametrically opposite position" from that which they had taken in their motion to join MMR as a defendant. Memorandum Opinion and Order Ruling on Pending Dispositive Motions [Doc. 311] at 9. The Court denied the motion for summary judgment, dismissed with prejudice all of Plaintiffs' claims against MMR, and vacated its previous order joining MMR as a defendant. *Id.* at 16–17.

MMR has filed a Motion For Attorney Fees and Costs Pursuant to Rule 54 and the New Mexico Unfair Practices Act [Doc. 370]. The Court will address MMR's request for costs under Rule 54 in this opinion, reserving for now its recommendations regarding MMR's request for attorneys fees.

## II. DISCUSSION

There is a presumption under Fed. R. Civ. P. 54(d) that the prevailing party will be awarded its taxable costs. *Zeran v. Diamond Broad., Inc.*, 203 F.3d 714, 722 (10th Cir. 2000). Indeed, a court must award costs to a prevailing party unless the Court has a valid reason for not awarding costs. *Cantrell v. Int'l Bhd. of Elec. Workers*, 69 F.3d 456, 458–59 (10th Cir. 1995). The issue is whether MMR is a "prevailing party" within the meaning of the Rule. The Court finds that it is.

Plaintiffs argue that MMR cannot be considered the prevailing party because the Court did not grant MMR's motion for summary judgment on Plaintiffs' claims: "MMR's Motion for Summary Judgment on Plaintiffs' Claims was denied as well, making Plaintiffs a prevailing party under MMR's theory of what constitutes a prevailing party." Plaintiffs' Response to Misty Mountain Ranch, LLC's Motions for Rule 11 Sanctions (Doc. 368), for Costs and Fees Pursuant to Rule 54

and the New Mexico Unfair Practices Act (Doc. 370), and for Leave to Submit Time Sheets for *in Camera* Review (Doc. 369) [Doc. 385] ("Plaintiffs' Response") at 12. Plaintiffs seem to be arguing that since both sides' claims against each other were dismissed, neither can be considered to have "prevailed," and thus, neither is entitled to recover its costs. That argument is unpersuasive, since MMR would never have brought its counterclaims—nor incurred any cost—had Plaintiffs not brought it into the lawsuit. Under these circumstances, the Court has discretion to award costs to MMR, even though its counterclaims were dismissed. *See Terry Props., Inc. v. Standard Oil Co.*, 799 F.2d 1523, 1540 (11th Cir. 1986); *see also Schultz v. United States*, 918 F.2d 164, 165–67 (Fed. Cir. 1990) (In the context of Rule 54, "[t]he proper focus is whether plaintiff has been successful on the central issue . . .") (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 n.7 (1983) (involving determination of "prevailing party" for purposes of awarding attorney's fees under 42 U.S C. § 1988)). The Court, therefore, recommends that Plaintiffs be ordered to pay MMR its costs in the amount of $5,616.74.[1]

The Court will address MMR's Motion For Attorney Fees Pursuant to the New Mexico Unfair Practices Act in a separate report and recommendation.

**WHEREFORE,**

**IT IS RESPECTFULLY RECOMMENDED** that MMR's Motion for Costs and Attorney Fees Pursuant to Rule 54 And the New Mexico Unfair Practices Act [Doc. 370] be **granted in part.**

---

[1] Plaintiffs do not challenge the amount of MMR's tax bill, not the taxability of any item contained therein. The only argument Plaintiffs raise against the Motion for Costs is that MMR was not a prevailing party. Plaintiffs' Response [Doc. 385] at 12.

The Court recommends that Plaintiffs be ordered to pay MMR's taxable costs in the amount of $5,616.74 pursuant to Fed. R. Civ. P. 54(d).

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1)(c). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**