# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JANIS SPENCER MURRAY and
MAC MURRAY,

      Plaintiffs/Counter-Defendants,

     v.                                                          Civil No.09--1150-WJ/RHS

BOB BURT,

      Defendant/Counter-Claimant.

## ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER comes before the Court upon Plaintiffs' Objections to Magistrate Judge's Proposed Findings and Recommended Disposition of Defendant Misty Mountain Ranch's Motion for Costs; and Request that Court Defer Ruling on Objections, filed May 11, 2012 (**Doc. 427**). Having considered the parties' briefs and the applicable law, I find that Plaintiffs objections are overruled.

## General Background

This case arises out of a dispute between the co-owners of a quarter horse, *Dash Ta Fame*. This lawsuit began on December 7, 2009 when Plaintiffs sued the Burts (and two entities holding frozen semen) following Bob Burt's movement of *Dash Ta Fame* from Plaintiffs' breeding farm in New Mexico to a breeding farm in California. Plaintiffs contended that Bob Burt's movement of the horse breached a 1997 contract between Burt and the Plaintiffs to stand *Dash Ta Fame* with Plaintiffs, and that Burt failed to pay Plaintiffs their share of revenue from the horse's earnings. Defendant filed numerous counterclaims against Plaintiffs.

Plaintiffs object to the Magistrate Judge's proposed findings and recommended disposition (Doc. 424), which granted Misty Mountain Ranch's Motion for Fees and Costs in part in that it recommends that costs pursuant to Rule 54 and the New Mexico Unfair Practices Act be imposed against Plaintiffs.[1]

## Discussion

### I.     Standard of Review

Under Rule 72(a) of the Federal Rules of Civil Procedure, the Court shall consider objections made by the parties and "shall modify or set aside any portion of the magistrate's order found to be clearly erroneous or contrary to law." Fed.R.Civ.P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A) (district judge may "reconsider any pretrial matter . . . where it has been shown that the magistrate's order is clearly erroneous or contrary to law"); *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (court must accept the magistrate's factual findings unless clearly erroneous).[2]

---

[1]  MMR filed a Motion for Sanctions Under Rule 11 (Doc. 368) as well as a Motion for Attorney Fees and Costs Pursuant to Rule 54 and the New Mexico Unfair Practices Act (Doc. 370).  The Magistrate Judge's proposed findings and recommended disposition to which Plaintiffs object address only the issue of costs (Doc. 424 at 3), reserving the matter of fees in both motions until the hearing is held, now set for May 30, 2012 (Docs. 421 & 426).  Following the hearing, Magistrate Judge Vidmar will issue a separate report and recommendation.

[2]  In the findings and recommended disposition, parties were directed to file objections pursuant to § 636(b)(1)(c). *See, e.g.,* Doc. 423 at 7.  However, because the sanctions recommended by the Magistrate Judge are non-dispositive of this case, the proper standard of review is 28 U.S.C. § 636(b)(1)(A), which allows reconsideration of a magistrate judge's order that is "clearly erroneous or contrary to law." *See Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1519 (10th Cir. 1995); *Ocelot Oil Corp. v. Sparrow Industries*, 847 F.2d 1458, 1462 (10th Cir. 1998) (finding that a magistrate judge's decision on a motion for sanctions dictates which standard of review should apply); *see also Hicks v. Cadle Co.*, 2010 WL 2940944, 1 (D.Colo. 2010) (on recommendation by magistrate judge regarding motion for sanctions and attorneys' fees, court should apply clearly erroneous/contrary to law standard of review, as opposed to de novo review, because the nature of the matter at issue is nondispositive.

**II.     Analysis**

Misty Mountain Ranch ("MMR") was not named as a party in the initial complaint. On October 13, 2010, Plaintiffs filed a motion to join MMR as a party defendant, arguing that MMR held a beneficial interest in the horse, and the Court granted the motion on November 24, 2010. On March 7, 2011, after Plaintiffs amended their complaint to include MMR as a Defendant, MMR filed an Answer asserting counterclaims including contract-based claims, negligent and intentional misrepresentation and intentional inference, and embezzlement. Following a period of discovery, on October 14, 2011, Plaintiffs moved for summary judgment on MMR's counterclaim [Doc. 274]. In their motion, Plaintiffs suddenly switched positions, arguing that MMR lacked standing to assert affirmative claims against them because it was "undisputed" that MMR was not a party to any of the agreements between the Plaintiffs and the other defendants. *See* Doc. 274 at 6 (Pltffs' Mot. for Sum. J.). In its December 15, 2011 Order, the Court noted that Plaintiffs' position in their motion for summary judgment was "the diametrically opposite position" from that which they had taken in their motion to join MMR as a defendant. Doc. 311 (Mem.Op. & Order) at 9. The Court denied Plaintiffs' motion for summary judgment, dismissed with prejudice all of Plaintiffs' claims against MMR, and vacated its previous order joining MMR as a defendant . *Id.* at 16–17.

Following its dismissal from the lawsuit, MMR filed a Motion for Attorney Fees and Costs Pursuant to Rule 54 and the New Mexico Unfair Practices Act (Doc. 370). This Court referred the motion to United States Magistrate Judge Stephan Vidmar to make findings and recommendations on the matter. Judge Vidmar's proposed findings and recommended disposition ("PFD") addressed the motion only with regard to the request for costs under Rule 54, reserving recommendations regarding the request for attorneys fees for a separate report and

recommendation. Doc. 424 at 4. Thus, Plaintiffs' objections are directed toward the imposition of costs under Rule 54(d).

The Court has reviewed the Magistrate Judge's recommendations on each of these arguments, as well as the basis for those recommendations, and find that they should be upheld.

A.    Prevailing Party

Plaintiffs' main argument is that costs should be denied because MMR was not a "prevailing party" under Rule 54(d). They point out that MMR should bear its own costs because it did not prevail on its numerous counterclaims. The Court agrees with the Magistrate Judge's analysis on this issue, in that MMR would never have brought its counterclaims, nor incurred any cost, had Plaintiffs not brought it into the lawsuit in the first place. Moreover, according to the time line presented by Plaintiffs, Plaintiffs knew by September 2011 that there was "unequivocal" testimony that MMR had no ownership interest in *Dash Ta Fame*. Doc. 427 at 2. At this point, Plaintiffs had sufficient information to reconsider its original position that MMR was an owner of the stallion. However, instead of moving to dismiss MMR from the lawsuit, thereby allowing MMR to avoid further litigation expense, Plaintiffs proceeded to file a motion seeking summary judgment on MMR's counterclaims (Doc. 274). In that motion, Plaintiffs took the untenable position that MMR had no standing in the lawsuit to assert counterclaims against Plaintiffs, yet argued it was entitled to relief against MMR on its counterclaims, and insisted that it was a necessary party under Rule 19 "because Bob Burt formed MMR as a place to deposit proceeds from *Dash Ta Fame*" for tax purposes. Doc. 311 at 9 (Crt's Mem.Op. & Order).

In a similar vein, Plaintiffs contend that MMR's assertion of counterclaims was an affirmation of an ownership interest in the horse. Doc. 427 at 2. This argument does not merit

much discussion, except for the Court to ponder whether Plaintiffs would view the converse as true: if MMR did not assert any counterclaims, would that be evidence that MMR had no ownership interest in the stallion?  The Court sees no significance to the assertion of counterclaims by MMR except as part of defending a lawsuit.   Thus, the Court finds no error of law, and no error in the Magistrate's factual findings on the issue of whether MMR was a prevailing party.

B.      Discretion to Award Costs Under Rule 54

In their response to MMR's motion for costs and fees, Plaintiffs argued primarily that costs should be denied because MMR is not a prevailing party.  Doc. 385 at 12-13.  In their objections to Judge Vidmar's PFD, Plaintiffs now add a fresh argument: costs should be denied because of bad faith conduct on the part of MMR.

Courts may exercise discretion to deny costs when a prevailing party was obstructive and acted in bad faith during the course of the litigation, when requested costs are unreasonably high and unnecessary, or where the issues are close and difficult.  *Zeran v. Diamond Broadcasting , Inc.*, 203 F.3d 714, 722 (10th Cir. 2000) (citing *Cantrell v. Int'l Bhd. of Elec. Workers*, 69 F.3d 456, 459 (10th Cir. 1995) (en banc)).

Plaintiffs contend that all three circumstances apply here.   They argue that Bob Burt and MMR were evasive and acted in bad faith because their discovery responses indicated that MMR was involved as a part-owner of the horse and at the same time were evasive about the extent of that involvement.  Plaintiffs also submit evidence from deposition testimony and other affirmative statements by Darian Burt and Burt's accountant Leon Hill, which led Plaintiffs to believe that MMR received income from the stallion.  See Doc. 427 at 5-9.  They contend that from July 2010 to March 2011, they received information which both affirmed and denied

5

MMR's role as part-owner of the horse, until what Plaintiffs call MMR's "sudden unequivocal denial" of any ownership interest in the horse in September 2011 during Darian Burt's deposition.[3]

Plaintiffs also claim that MMR's costs are unreasonably high, because if MMR had been more open and forthcoming, Plaintiffs likely would not have sought to join MMR as a party. Last, Plaintiffs argue that the issues surrounding MMR are "close and difficult" because MMR's piecemeal and contradictory disclosures kept Plaintiffs from uncovering the truth about MMR until its turnabout in the September 2011 deposition when it unequivocally denied any ownership in *Dash Ta Fame*.

The problem with these arguments is that they are raised for the first time in the form of objections to Magistrate Judge Vidmar's PFD. The Court is not inclined to consider these arguments for that reason. *See Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) (Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived). Plaintiffs are attempting to avail themselves of a second round of briefing, testing out arguments which were either not raised or developed in their response brief to MMR's motion for costs. Not having succeeded on the initial arguments raised in their response brief before the Magistrate Judge, Plaintiffs now present new arguments before this Court for the first time. This strategy undercuts the Court's purpose in referring the matter to the Magistrate Judge. *See Cole v. New Mexico*, 58 Fed.Appx 825, 829, 2003 WL 256898 (10th Cir. 2003) ("[A]llowing parties to litigate fully their case before the magistrate and, if unsuccessful, to change their strategy and present a different theory to the district court would frustrate the purpose of the Magistrates

---

[3] Darian Burt was designated as MMR's representative for purposes of a Rule 30(b)(6) deposition. *See* Doc. 427 at 8.

Act.") (citing *Greenhow v. Sec'y of Health & Human Servs.*, 863 F.2d 633, 638 (9th Cir.1988), overruled on other grounds by *United States v. Hardesty*, 977 F.2d 1347, 1348 (9th Cir.1992).[4] Thus, the Court overrules Plaintiffs' objections to the Magistrate Judge's use of discretion in findings that costs should be imposed.

C.      No Need to Defer Ruling

Last, Plaintiffs also ask the Court to defer ruling on costs until Magistrate Judge Vidmar issues a decision following the May 30, 2012 hearing on the Order to Show Cause, *see* Doc. 421. Plaintiffs suggest that the Court may benefit from having a more fully developed record after the hearing.

Since the Court is not considering Plaintiffs' arguments concerning evasive and obstructive conduct on the part of MMR and the Burts because they are deemed waived, it would not make much sense to defer ruling on the issue of costs.  This objection is overruled.

**Conclusion**

In sum, I find and conclude that Magistrate Judge Vidmar's findings are not contrary to law and that Judge Vidmar's factual findings are not clearly erroneous.   Thus, Plaintiffs' objections are overruled.

To the extent that Plaintiffs raise arguments not previously raised in their response to MMR's motion for costs and thus not addressed by the Magistrate Judge, the Court finds those arguments are waived.

Other than a general objection to MMR's requests for costs being "unnecessarily high

---

[4]  While the Court will not consider whether conduct cited by Plaintiffs on the part of the Burts and MMR is grounds for denying costs, such conduct may well be relevant on the issue of whether MMR is entitled to sanctions against Plaintiffs.

and unnecessary," Plaintiffs present no specific objection to any of the cost requests submitted by MMR.  MMR has submitted the necessary invoices and documents to support its request for costs.  (Doc. 370-1).  According to these materials, MMR's request for fees appears to be reasonable, and will be granted in the amount requested, which is **$5,616.74**.

**THEREFORE,**

**IT IS ORDERED** that Plaintiffs' Objections to Magistrate Judge's Proposed Findings and Recommended Disposition of Defendant Misty Mountain Ranch's Motion for Costs; and Request that Court Defer Ruling on Objections **(Doc. 427)** are hereby OVERRULED;

**IT IS FURTHER ORDERED** that the Court hereby ADOPTS the Magistrate Judge's Proposed Findings and Recommended Disposition of Defendant Misty Mountain Ranch's Motion for Costs which is limited to the issue of costs **(Doc. 424)**;

**IT IS FINALLY ORDERED** that MMR's request for costs is hereby granted in the amount of **$5,616.74.**

_____
UNITED STATES DISTRICT JUDGE