**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

JANIS SPENCER MURRAY and
MAC MURRAY,

    Plaintiffs,

v.                                                        No.   09-cv-1150 WJ/RHS

BOB BURT, et al.,

    Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION REGARDING MISTY MOUNTAIN RANCH, LLC'S MOTION FOR SANCTIONS

THIS MATTER is before the Court on Defendant Misty Mountain Ranch, LLC's Motion for Rule 11 Sanctions [Doc. 368] ("Motion for Sanctions" or "Motion"), filed on January 13, 2012. Plaintiffs responded in opposition on January 30, 2012.  Plaintiffs' Response to Misty Mountain Ranch, LLC's Motion for Rule 11 Sanctions (Doc. 368), for Costs and Fees Pursuant to Rule 54 and the New Mexico Unfair Practices Act (Doc. 370), and for Leave to Submit Time Sheets for *in Camera* Review (Doc. 369) [Doc. 385] ("Response").   On February 13, 2012, Defendant Misty Mountain Ranch, LLC ("MMR") replied.  Defendant [MMR]'s Reply in Support of its Motion for Sanctions [Doc. 389] ("Reply").   The Motion was referred to the undersigned by the presiding judge, the Honorable William P. Johnson, United States District Judge, on February 24, 2012, to recommend an ultimate disposition.  Order of Reference of Motion in Civil Case [Doc. 397]. Finally, on May 30, 2012, the Court conducted a show-cause hearing and heard oral argument on the Motion.  Clerk's Minutes [Doc. 431].   Because the Court finds that Plaintiffs' and their

1

counsel's actions were not unreasonable and finds no objective evidence of bad faith, the Court will recommend that the Motion be DENIED.

## BACKGROUND

This case arose out of a dispute between the co-owners of a quarter horse, *Dash Ta Fame*. Plaintiffs alleged that Defendant Bob Burt, the majority interest owner, failed to pay them their share of revenue from *Dash Ta Fame's* earnings, whether from the sale of frozen semen that has been collected and stored, or otherwise attributable to profits flowing from Plaintiffs' part ownership in *Dash Ta Fame*.

Plaintiffs filed their initial complaint on December 7, 2009. Complaint and Demand for a Jury Trial [Doc. 1]. MMR was not named as a party. *Id.* On October 13, 2010, Plaintiffs moved to join MMR as a party defendant, arguing that MMR was an indispensible party because it held a beneficial interest in the horse. *See* Motion To Join [MMR] as a Party Defendant [Doc. 130]. The Burt Defendants opposed the motion. The Burts' Response in Opposition to Motion to Join [MMR] as a Party [Doc. 147]. The Court granted the motion, finding that there was, at the very least, circumstantial evidence that MMR held an ownership interest in the horse. *See* Memorandum Opinion and Order Granting Plaintiffs' Motion to Join [MMR] as a Party Defendant [Doc.173] at 4–6. Shortly thereafter, the Court vacated the first trial setting to allow MMR time to retain counsel. *See* Order Resulting from February 27, 2011 Hearing [Doc. 240] at 3.

Plaintiffs filed their Second Amended Complaint [Doc. 241] naming MMR as a defendant on February 8, 2012. Most of Plaintiffs' claims against MMR were premised on MMR's alleged ownership interest in *Dash Ta Fame*. However, at least two claims, for tortious interference with

2

contractual relationship and for constructive trust, were not based on MMR's having an interest in the horse. On March 7, 2011, MMR filed its Answer and Counterclaim [Doc. 253]. Interestingly, in its Answer, MMR did not deny outright ownership of the horse; it claimed that it could not tell whether or not it held an ownership in the horse. *Id.* at 2, ¶ 8; at 3, ¶ 17; at 4, ¶¶ 25, 28. Yet in its counterclaim, MMR alleged "upon information and belief" that it *was* an owner of the horse. *Id.* at 9, ¶ 8. Plaintiffs subsequently redeposed the Burt Defendants, this time as Rule 30(b)(6) representatives of MMR. Contrary to testimony they had given at their first depositions, they testified unequivocally that MMR held no ownership interest in *Dash Ta Fame*. *See* Response [Doc. 385] at 7.[1]

On October 14, 2011, Plaintiffs moved for summary judgment on MMR's counterclaims. Plaintiffs' Motion for Summary Judgment on [MMR]'s Counterclaims [Doc. 274]. In their motion, Plaintiffs argued that MMR lacked standing to assert affirmative claims against them because it was "undisputed" that (1) MMR was not an owner of *Dash Ta Fame*, and (2) MMR was not a party to any of the agreements between the Plaintiffs and the other defendants. *See id.* at 5, 6. In its December 15, 2011 order, the Court noted that Plaintiffs' position in their motion for summary judgment was "the diametrically opposite position" from that which they had taken in their motion to join MMR as a defendant. Memorandum Opinion and Order Ruling on Pending Dispositive Motions [Doc. 311] at 9. The Court denied the motion for summary judgment, dismissed with prejudice all of Plaintiffs' claims against MMR, and vacated its previous order joining MMR as a defendant. *Id.* at 16–17.

---

[1] Although the deposition transcript containing Defendant Bob Burt's unequivocal testimony itself does not appear to be a matter of record, it was repeatedly referenced at oral argument, and neither counsel challenged its existence.

MMR filed the instant Motion seeking sanctions under Fed. R. Civ. P. 11 and 28 U.S.C. § 1927 on two grounds.  First, MMR claims that the Second Amended Complaint was groundless when filed because MMR did not exist until several years after the alleged wrongdoing, Motion [Doc. 368] at 2–3, and because Plaintiffs had "clear evidence" that MMR did not own *Dash Ta Fame*, Reply [Doc. 389] at 3.  Second, MMR argues that sanctions are warranted because Plaintiffs reversed their position on whether MMR had an interest in *Dash Ta Fame* and sought summary judgment on MMR's counterclaims, while maintaining that their own claims against MMR should stand.  Motion [Doc. 368] at 3; Reply [Doc. 389] at 3.  Plaintiffs, on the other hand, argue that they should not be sanctioned under Rule 11 because MMR did not follow Rule 11's safe harbor provision.  Response [Doc. 385] at 7–8.  Plaintiffs further argue that they cannot be held to have acted in bad faith because they sought and obtained leave of court to file the Second Amended Complaint.  *Id.* at 5–6.  They also argue that they when they changed their position and began to assert that MMR had no interest in the horse, they were not required to withdraw all their claims against MMR because some were not contingent on MMR's ownership of the horse.  *Id.* at 7.  Lastly, Plaintiffs argue that the Motion for Sanctions is untimely.  *Id.* at 8–9.

## FINDINGS OF FACT

1. At all times relevant to this motion, Defendant Bob Burt was the managing member of Defendant MMR.

2. On July 15, 2009, Bob Burt signed a Frozen Semen Service Contract with Smart Ranches, Inc. that identified MMR as a co-owner of *Dash Ta Fame*.  [Doc. 427-2] at 1.[2]

---

[2] The contract is actually with "Stallion & Mare Assisted Reproduction, SMART, PC," which is the same entity as "Smart Ranches, Inc."  Answer and Affirmative Defenses of Defendant Smart Ranches [Doc. 23] at 12, ¶ 6 (explaining that Smart Ranches, Inc.'s proper name is Stallion & Mare Assisted Reproduction, SMART, PC).

4

3. In its Answer to the original Complaint, on February 5, 2010, Smart Ranches, Inc., raised the affirmative defense of failure to join an indispensable party.  Answer and Affirmative Defenses of Defendant Smart Ranches [Doc. 23] at 12–13, ¶ 5.

4. In response to Plaintiffs' interrogatories, Smart Ranches affirmatively identified MMR as the indispensible party to which its Answer referred.  Smart Ranches stated further that it considered MMR to be an indispensable party because of the 2009 breeding agreement for *Dash Ta Fame*, which identified Defendant Bob Burt and MMR as co-owners. [Doc. 427-1] at 6, 9–10.

5. The Burt Defendants answered Plaintiffs' First Set of Interrogatories on May 3, 2010. Their answers also referenced the 2009 breeding agreement.  [Doc. 427-1] at 2–3 (answers); *see* [Doc. 427-2] at 2 (agreement).

6. On July 18, 2010, Defendant Darian Burt testified in a deposition that she did not know whether MMR owned any stallions.  [Doc. 427-3] at 2–4.

7. On July 19, 2010, Defendant Bob Burt testified in a deposition that MMR owned "[m]aybe one horse," *Wind Fame*.  [Doc. 427-4] at 2.  When asked what kind of entity MMR was, Mr. Burt testified that "it receives all the money that the horse business takes in."  *Id.* at 3. Mr. Burt further testified that he did not know whether he had sold *Dash Ta Fame's* income stream to MMR, saying, "You'd have to ask the accountant that, sir."  *Id.* at 6.

8. The Burt Defendants served their answers to Janis Spencer Murray's Second Set of Interrogatories on July 27, 2010.  *See* Plaintiffs' Objections to [PF&RD on MMR's Motion for Costs] [Doc. 427] at 6.  The answers list MMR's assets as of December 31, 2009, and include neither *Dash Ta Fame* nor *Wind Fame*.  [Doc. 427-5] at 1–3.

9. On September 20, 2010, Plaintiffs deposed Leon Hill, Defendant Bob Burt's accountant. Mr. Hill testified that there *was* an agreement between Bob Burt and MMR regarding Burt's income from *Dash Ta Fame* but that the agreement was not in writing. [Doc. 427-6] at 1–2.

10. Plaintiffs filed their Second Amended Complaint [Doc. 241] on February 8, 2011, asserting claims against MMR. Most of their claims hinge on MMR's having an interest in *Dash Ta Fame*, but at least two—Tortious Interference and Constructive Trust—do not.

11. On September 14, 2011, Defendant Darian Burt was redeposed, this time as MMR's Rule 30(b)(6) representative. She testified that MMR had no rights at all with respect to *Dash Ta Fame*. She further testified that MMR owns nothing of *Dash Ta Fame* and had no right to money that it generates. *See* [Doc. 427-7] at 1–4; *see also* [Doc. 274-3] at 1–9.

12. Defendant Bob Burt was also deposed as MMR's Rule 30(b)(6) representative on September 14, 2011. [Doc. 427-8] at 1–2; *see generally* [Doc. 387-1] at 1–5. Contrary to his earlier deposition testimony, he testified unequivocally that MMR had no ownership interest in *Dash Ta Fame*. *See* Response [Doc. 385] at 7.

13. On October 14, 2011, Plaintiffs moved for summary judgment on MMR's counterclaims. Plaintiffs argue that MMR lacked standing to bring the counterclaims because MMR had no ownership interest in *Dash Ta Fame*. Nevertheless, Plaintiffs still maintained that MMR should be kept in the case as an indispensable party. MSJ [Doc. 274] at 2–3; *see also* [Doc. 274-2] at 1–4.

## The Court Recommends Denying Sanctions Under Rule 11

A party moving for sanctions under Rule 11 must first serve the motion on the opposing party and to give him twenty-one days to correct the alleged deficiency before filing the motion with the court. Fed. R. Civ. P. 11(c)(2).  The court will not grant a motion when the moving party has failed to comply with this "safe-harbor" provision. *Roth v. Green*, 466 F.3d 1179, 1192 (10th Cir. 2006).  MMR did not serve a copy of the motion on Plaintiffs prior to moving for Rule 11 sanctions.  Response [Doc. 385] at 3.  Therefore, I recommend denying MMR's motion for sanctions under Rule 11.

## The Court Recommends Denying Sanctions Under § 1927

Section 1927 sets a high bar.  It is an extreme remedy.  *See White v. Am. Airlines, Inc.*, 915 F.2d 1414, 1427 (10th Cir. 1990).  Its "power to assess costs against an attorney . . . must be strictly construed and utilized only in instances evidencing a serious and [studied] disregard for the orderly process of justice." *Braley v. Campbell*, 832 F.2d 1504, 1512 (10th Cir. 1987) (en banc) (internal quotation marks omitted).  Before imposing sanctions, the following standard must be met:

> 28 U.S.C. § 1927 provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  Sanctions are appropriate when an attorney acts recklessly or with indifference to the law; is cavalier or bent on misleading the court; intentionally acts without a plausible basis; or when the entire course of the proceedings is unwarranted. *Steinert v. Winn Group, Inc.*, 440 F.3d 1214, 1221 (10th cir. 2006).  An attorney's actions are measured under the standard of objective bad faith. *Braley v. Campbell*, 832 F.2d 1504, 1512 (10th Cir. 1987) (enbanc).  The Court also has the inherent right to manage its own proceedings.  It has authority under its own inherent

> powers to deter frivolous and abusive litigation and promote justice and judicial efficiency by imposing monetary sanctions. *See Roadway Express, Inc. V. Piper*, 447 U.S. 752, 764–67, 100 S. Ct. 2455, 65 L. Ed. 2d 488 (1980); *Braley v. Campbell*, 832 F.2d 1504, 1510 n.4 (10th Cir. 1987); *Link v. Wabash R. Co.*, 370 U.S. 626 632, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (recognizing the well-acknowledged inherent power of a court to levy sanctions in response to abusive litigation practices).

*Doe v. Martinez*, 674 F. Supp. 2d 1282, 1285 (D.N.M. 2009) (emphasis omitted). Essentially, a court must find that (1) an attorney's conduct was unreasonable and (2) the circumstances objectively evidence the attorney's bad faith. *See id.* Additionally, § 1927 sanctions are not applicable to the *initiation* of proceedings; rather, they are only applicable to the *multiplication* of proceedings. *Steinert*, 440 F.3d at 1224. The statutory language itself "unambiguous[ly] excludes the complaint that gives birth to the proceedings, as it is not possible to multiply proceedings until *after* those proceedings have begun." *Id.*

Here, MMR seeks sanctions for the filing of Plaintiffs' Second Amended Complaint [Doc. 241], and for Plaintiffs' switching positions regarding MMR's ownership of *Dash Ta Fame*. Motion [Doc. 368] at 2–3; Reply [Doc. 389] at 3. Because filing the Second Amended Complaint was not unreasonable, the Court recommends denying sanctions on that basis. And because Plaintiffs subsequently came into possession of new evidence, which caused their change in positions, the Court also recommends denying sanctions on that basis.

<u>Filing the Second Amended Complaint was not unreasonable.</u>

The Court recommends denying § 1927 sanctions against Plaintiffs' counsel for filing the Second Amended Complaint for several reasons. First, MMR asserts that the filing of the Second Amended Complaint was unreasonable at its inception because it alleged wrongdoing by MMR

8

years before MMR existed. If MMR were right, it would have a point. But it is mistaken. The earliest wrongdoing alleged by Plaintiffs against MMR was in 2004. *See* Second Amended Complaint [Doc. 241] at 6, ¶ 33–35. By MMR's own admission, it existed in 2002. MMR's argument, therefore, fails.

Second, § 1927 sanctions are not appropriate for the initiation of proceedings, only for their multiplication. The filing of the Second Amended Complaint asserted claims against MMR for the first time and, therefore, does not constitute *multiplication* of the proceedings against MMR.

Third, the multiplication issue notwithstanding, the Second Amended Complaint was filed with leave of court. Section 1927 sanctions are not appropriate where the challenged conduct was authorized by leave of court. *See Pac. Dunlop Holdings, Inc. v. Barosh*, 22 F.3d 113, 119–20 (7th Cir. 1994). Conduct sanctioned by the court is not unreasonable. *See id.* Here, Judge Johnson granted Plaintiffs leave to join MMR, Memorandum Opinion and Order Granting Plaintiff's Motion to Join [MMR] as a Party Defendant [Doc. 173] at 3–6, and granted them leave to file their Second Amended Complaint to assert claims against MMR, Order Resulting from February 7, 2011 Hearing [Doc. 240] at 2–3. Filing the Second Amended Complaint was not unreasonable because it was done with leave of court.

Fourth, and getting to the heart of the dispute, while filing the Second Amended Complaint may not have been the most efficient route to clarification of *Dash Ta Fame's* ownership, the Court cannot say that it was unreasonable. Before Plaintiffs brought MMR into the lawsuit, they were faced with equivocal, even contradictory, evidence regarding MMR's interest in *Dash Ta Fame*. It was essential for Plaintiffs to determine who had interests in the horse, and the extent of those interests, because the monetary and injunctive relief Plaintiffs sought could not have been

9

afforded without all owners in the lawsuit. Plaintiffs had to figure out whether MMR owned an interest in *Dash Ta Fame* or its income stream. MMR argues that Plaintiffs had clear evidence indicating that MMR had no ownership interest in the horse before the Second Amended Complaint was filed. The Court disagrees. The evidence that Plaintiffs had by February 8, 2011, was anything but clear.

For example, Plaintiffs had a copy of a breeding contract dated October 31, 2009, signed by Defendant Bob Burt, indicating that MMR was co-owner of *Dash Ta Fame*. Defendant Smart Ranches, Inc., took the position that MMR was an owner of *Dash Ta Fame* and, in fact, insisted that MMR was a necessary party to the litigation. The Burt Defendants had both testified that they did not know whether MMR owned an interest in the horse. In his July 19, 2010 deposition, Defendant Bob Burt testified that MMR owned "[m]aybe one horse," *Wind Fame*. But eight days later, his and Defendant Darian Burt's discovery responses did not include *Wind Fame* in a list of MMR's assets. Defendant Bob Burt also testified that he did not know whether he had sold *Dash Ta Fame's* income stream to MMR. In September of 2010, Mr. Hill testified in his deposition that there was an agreement between Mr. Burt and MMR regarding the income from *Dash Ta Fame*, but the agreement was not in writing. In view of this equivocal testimony and circumstantial evidence that MMR had an interest in *Dash Ta Fame*, Plaintiffs sought leave to join MMR. After reviewing the briefs and all the pertinent evidence, Judge Johnson granted the motion.

It was not until seven months after the Second Amended Complaint had been filed that Plaintiffs obtain unequivocal, sworn testimony that MMR had no interest in *Dash Ta Fame*. In September of 2011, the Burt Defendants were redeposed, this time as Rule 30(b)(6) representatives of MMR. Contrary to their earlier equivocal testimony, they both testified

unequivocally that MMR had no interest in the horse. This deposition testimony was the first time that Plaintiffs had unequivocal, sworn testimony directly addressing MMR's purported ownership interest in *Dash Ta Fame*. In briefing and in oral argument on the instant Motion for Sanctions, Plaintiffs' counsel argued that Plaintiffs would not have sought to join MMR if Plaintiffs had possessed this clear evidence beforehand. Thus, the real question for the Court in deciding whether to recommend sanctions is whether it was unreasonable to file the Second Amended Complaint considering the evidence Plaintiffs had at the time. Although there may have been a shorter road to the final destination, the Court cannot say that bringing MMR into the lawsuit was objectively unreasonable.

The Court disagrees with MMR's argument that "every reasonable inference from Plaintiffs' actions leads to the conclusion that Plaintiffs knew from the onset that [MMR] had no interests in *Dash Ta Fame*." Reply [Doc. 389] at 4. As explained *supra*, the evidence possessed by Plaintiffs at the time they filed the Second Amended Complaint was, at best, ambiguous. The Court finds that filing the Second Amended Complaint was not objectively unreasonable under those circumstances. Therefore, the Court recommends denying § 1927 sanctions for Plaintiffs' counsel's filing the Second Amended Complaint.

<u>Changing positions on MMR's ownership interest in *Dash Ta Fame* was not unreasonable.</u>

The Court also recommends against awarding § 1927 sanctions against Plaintiffs' counsel for changing positions on MMR's ownership of *Dash Ta Fame*. As described above, in February of 2011, it was not unreasonable for Plaintiffs to take the position that MMR had an interest in *Dash Ta Fame*. Nevertheless, MMR argues that Plaintiff's counsel should be sanctioned for taking the opposite position in October of 2011, when he filed Plaintiffs' motion for summary

judgment on MMR's counterclaims [Doc. 274]. MMR insists that Plaintiffs reversed their position on the issue with no new evidence, but MMR is simply incorrect. The new evidence, obtained by Plaintiffs in September of 2011, was the deposition testimony of the Burt Defendants as MMR's Rule 30(b)(6) representatives, in which they unequivocally testified that MMR had no interest in *Dash Ta Fame*. Because of this new evidence, it was not unreasonable for Plaintiffs to change their position on whether MMR had an interest in *Dash Ta Fame*.

Relatedly, MMR argues for sanctions for Plaintiffs' moving for summary judgment on MMR's counterclaims—based on MMR's lack of interest in *Dash Ta Fame*—while simultaneously arguing that MMR was still a necessary party and should be kept in the lawsuit. At first blush, the argument appears to hold water, but upon deeper inspection, a slow leak becomes apparent. First, the logic presumes that all of the claims and counterclaims between Plaintiffs and MMR hinge on *ownership* of *Dash Ta Fame*. Although *most* of the claims and counterclaims hinge on ownership, at least two do not. Plaintiffs claimed that MMR tortiously interfered with its contractual rights and relations with the Burts, and Plaintiffs claimed that it was entitled to a constructive trust against MMR. MMR's ownership of the horse is completely irrelevant to these claims. In order to litigate these non-ownership claims, Plaintiffs' efforts to keep MMR in the case were not objectively unreasonable.

Second, irrespective of the ownership/non-ownership-claim issue, Plaintiffs sought to keep MMR in the case based on MMR's right to Defendant Bob Burt's income stream from *Dash Ta Fame*. Ultimately, Judge Johnson rejected this argument. But that does mean that raising it was objectively unreasonable. *See Steinert*, 440 F.3d at 1221 (requiring conduct that is reckless or indifferent to the law or conduct intentionally taken without a plausible basis). Moreover, even if

it had been unreasonable, that alone did not prolong the proceedings. Instead, MMR exacerbated the situation by asserting that it did, in fact, hold an interest in the horse.[3] *See* Response to MSJ [Doc. 290] at 6–7, ¶ 13 (disputing Plaintiffs' assertion that MMR did not hold an ownership interest in *Dash Ta Fame*). MMR's sudden claim to ownership in the horse prompted Plaintiffs' reply brief as well as the hearing on the motion. Because Plaintiffs' change in positions regarding MMR's interest in *Dash Ta Fame*—even while trying to keep MMR in the case—was not unreasonable, and because the Court finds no evidence of bad faith on the part of Plaintiffs' counsel, the Court recommends denying § 1927 sanctions.

**WHEREFORE,**

**IT IS RESPECTFULLY RECOMMENDED** that Defendant Misty Mountain Ranch, LLC's Motion for Rule 11 Sanctions [Doc. 368] be **DENIED.**

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**

---

[3] The Court does not mean to suggest that improper conduct can be excused by another party's improper conduct. Two wrongs do not make a right. Rather, the Court makes the point to illustrate that even if Plaintiffs' position had been unreasonable—which the Court does not find—any consequent prejudice would not be attributable Plaintiffs alone. This distinction matters because § 1927 imposes sanctions to the extent that the offending conduct necessitates extra fees. Thus, even where conduct is unreasonable, there must also be attendant fees before sanctions are appropriate. Here, even if Plaintiffs attempted to keep MMR in the case solely for the purpose of aiding in judgment and even if that position were unreasonable, sanctions would still not be appropriate because the resulting fees are not solely attributable to Plaintiffs.